**William KEMP et al., Petitioners,**

v.

**FIDELITY AND CASUALTY COMPANY OF NEW YORK et al., Respondents.**

**No. B-4487.**

Supreme Court of Texas.

July 25, 1974.

Rehearing Denied July 25, 1974.

James B. Kerby, Garland, Hochberg, Yuill, Bernstein & Skor, Lawrence P. Hochberg, Dallas, for petitioners.

Touchstone, Bernays & Johnston, W. Richard Bernays, Vial, Hamilton, Koch &

Tubb, Byron L. Falk, Thompson, Knight, Simmons & Bullion, Timothy E. Kelley, Dallas, for respondents.

## PER CURIAM.

The facts of this case are set forth in the opinion of the Court of Civil Appeals. 504 S.W.2d 633. We denied application for writ of error, no reversible error. On motion for rehearing petitioners offer additional arguments which should be noted, even though the motion is overruled.

Petitioners brought this suit to recover from the respondent insurance companies (which issued petitioners automobile liability policies [1]) the difference between the amount petitioners recovered from Smith, who proximately caused the accident that led to petitioners' damages, and the $10,000.00 per person limit of their own policies' uninsured motorist coverage. The policies purchased by petitioners from respondents defined "uninsured automobile" to include

> an automobile or trailer with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured automobile is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such automobile . . . .

Smith also carried automobile liability insurance with bodily injury coverage in the amounts of $10,000.00 per person and $20,000.00 per accident as required by the Texas Safety Responsibility Law, Art. 6701h, Vernon's Ann.Tex.St. Several persons, however, were injured and killed in the accident caused by Smith. When the $20,000.00 available per accident was divided among all those who were entitled to

---

1. Mr. and Mrs. Kemp's policy was issued by Fidelity & Casualty Company of New York; Garrett Bell's by Fireman's Fund American Insurance Companies; and Clyde Bell's by State Farm Insurance Company. All these parties and their respective insurers were parties to this cause in the trial court.

judgment against Smith, petitioners (each of whom was otherwise entitled to recover at least $10,000.00 from Smith) each received less than $5,000.00.

The question is whether, under these facts, Smith was driving an "uninsured automobile" so that petitioners' own uninsured motorist coverages would be applicable. The trial court answered this question in the negative and rendered summary judgment for respondents; the Court of Civil Appeals affirmed.

Petitioners urge that the summary judgment be reversed and their right of recovery be recognized on the authority of Porter v. Empire Fire & Marine Ins. Co., 106 Ariz. 274, 475 P.2d 258 (1970), which reached the opposite result on very similar facts. Although we find the result reached by the Arizona Supreme Court desirable, we do not find that court's reasoning to be persuasive as applied to the statutory scheme and the relevant provisions of the policy definitions which have been adopted in Texas.

■■■■ Unlike Arizona, V.A.T.S. Insurance Code, Art. 5.06–1(2), specifically authorizes the State Board of Insurance to promulgate the policy forms for uninsured motorist coverage. Of course, any provision approved by the Board of Insurance that conflicts with the uninsured motorist statute will be held ineffective. See Westchester Fire Ins. Co. v. Tucker, 512 S.W. 2d 679 (Tex.Sup.1974); American Liberty Ins. Co. v. Ranzau, 481 S.W.2d 793 (Tex. Sup.1972). Although the definition of "uninsured automobile" in respondents' policies is not compelled by the statute, we are unable to find anything in the statute that conflicts with this definition as applied to the facts of this case. Accordingly, we are compelled to conclude that Smith was not driving an "uninsured automobile" as defined in petitioners' policies, and therefore the uninsured motorist coverages in petitioners' own policies are inapplicable.

We realize that this result creates the anomalous situation that these petitioners, who each had separate policies with uninsured motorist coverage, would have been financially better off had Smith had no insurance at all since each petitioner then could have recovered up to the $10,000.00 per person limit of his own uninsured motorist coverage. However, this is a matter for the consideration of the State Board of Insurance, or the Legislature. We are bound to interpret the statutes and Board-approved policy provisions as written.

The motion for rehearing is overruled.