Paula Suzanne HILL et al., Appellants,

v.

FORREST & COTTON, INC., et al., Appellees.

No. 5039.

Court of Civil Appeals of Texas, Eastland.

June 30, 1977.

Rehearing Denied Sept. 1, 1977.

Bill Alexander, Odessa, W. A. Griffis, Jr., Griffis, Griffis & Wilson, San Angelo, Jack Little, Little & Palmer, Big Spring, for appellants.

Clint A. Symes, Logan, Lewis & Symes, San Angelo, for appellees.

WALTER, Justice.

Paula Suzanne Hill, individually and as next friend of her minor children, Robin Michelle Hill and Jason Kelly Hill, and Laverne Darst filed suit against James H. Green, Sr., James H. Green, Jr., Texas Tank Car Works, Inc., City of San Angelo, Texas, and Forrest and Cotton, Inc. for the wrongful deaths of Marvin Hill and Norman Sterling Darst. The Hills alleged that on or about the 11th day of August, 1973, Marvin Hill, the husband of Paula Suzanne Hill and father of Robin Michelle Hill and Jason Kelly Hill, was an employee of the City of San Angelo at the City Sewer Farm and he was overcome by fumes as a proximate

cause of the negligence of the defendants and died as a result of falling into the water and the inhalation of the noxious gases present in the influent chamber. Plaintiff, Laverne Darst, alleged her husband, Norman Sterling Darst, was overcome by gases released by the negligence of the defendants which resulted in his death.

James H. Green, Sr., James H. Green, Jr. and Texas Tank Car Works, Inc. asked for contribution and indemnity against Forrest and Cotton, Inc.

The parties agreed that all claims asserted by all parties, whether by plaintiffs or the other defendants, against Forrest and Cotton, Inc. should be severed from the rest of the case and the claims against Forrest and Cotton should be tried as a separate suit. A written order of severance was entered.

Forrest and Cotton, Inc. made a motion for summary judgment. It alleged that it performed and furnished the design, planning and inspection of construction of the new sewage treatment plant and new outfall trunk line thereto for the City of San Angelo, Texas; that W. D. Bentley was the project engineer and a licensed and registered engineer in Texas; that the construction of the sewage treatment plant and outfall trunk line was completed and the City of San Angelo had commenced operation of the equipment on or about September 22, 1958; and, that Article 5536a, Section 1 of the Texas Revised Civil Statutes sets forth a ten-year period within which all actions for damages for any injury to a person or for wrongful death and for contribution or indemnity for damages sustained on account of such injury, damage, loss or death must be brought.

Article 5536a, Section 1 is as follows:

"There shall be commenced and prosecuted within ten years after the substantial completion of any improvement to real property or the commencement of operation of any equipment attached to real property, and not afterward, all actions or suits in court for damages for any injury, damages or loss to property, real or personal, or for any injury to a person, or for wrongful death, arising out of the defective or unsafe condition of any such real property or any equipment or improvement attached to such real property, for contribution or indemnity for damages sustained on account of such injury, damage, loss or death against any registered or licensed engineer or architect in this state performing or furnishing the design, planning, inspection of construction of any such improvement, equipment or structure or against any such person so performing or furnishing such design, planning, inspection of construction of any such improvement, equipment or structure; provided, however, if the claim for damages, contribution or indemnity has been presented in writing to the registered or licensed engineer or architect performing such services within the ten-year period of limitation, said period shall be extended to include two years from the time such notice in writing is presented."

Forrest and Cotton, Inc. filed the affidavits of W. D. Bentley and William H. Sims in support of their motion for summary judgment under the ten-year statute.

The court granted Forrest and Cotton, Inc.'s motion for summary judgment and all of the plaintiffs and all of the cross-claimants except for the City of San Angelo have appealed.

The affidavit of W. D. Bentley, attached to appellees' motion for summary judgment, establishes the following facts:

On October 24, 1949, Bentley was licensed and registered by the State Board of Registration for Professional Engineers of the State of Texas and that he has continuously been a registered and licensed engineer in Texas since said date up to and including the present time of making this affidavit on March 11, 1976. In August, 1953, he was employed by T. Carr Forrest, Jr. and James A. Cotton of Dallas, Texas, as an engineer. At such time, Forrest and Cotton were partners of Forrest and Cotton, Consulting Engineers, of Dallas, Texas. He continued as an employee of the partnership until its

incorporation under the name of Forrest and Cotton, Inc. in May, 1958. Thereafter, he remained an employee of Forrest and Cotton, Inc. until April 16, 1959, when he obtained employment as an engineer with the City of Dallas. On September 1, 1973, he was again employed as an engineer with Forrest and Cotton and continued as such until February 6, 1976.

In 1955, Forrest and Cotton, Consulting Engineers, contracted with the City of San Angelo to provide engineering services in connection with the construction of a new sewage treatment plant and new outfall line. As an employee of Forrest and Cotton, Consulting Engineers, he was the project engineer on said treatment plant which was constructed for the City of San Angelo, Texas. As the project engineer, he performed and furnished the design, planning and inspection of construction of the improvements, equipment and structures attached to the real property in connection with the construction of the sewage treatment plant. He continuously performed his duties as project engineer through the completion of the improvements for the plant.

On August 28, 1958, a final Federal pay inspection for the plant was made by him and representatives of the City of San Angelo, W. L. Rea Construction Company, the State Health Department and the U. S. Public Health Service. On September 22, 1958, the final estimates on the plant were completed and given to the City of San Angelo. At the time of giving the final estimates to the city, both the sewage treatment plant and the outfall sewage line were completed and the City of San Angelo had commenced operation of the equipment.

At the time Forrest and Cotton entered into the contract with the City of San Angelo, both T. Carr Forrest, Jr. and James A. Cotton were licensed and registered engineers in Texas. At all times before incorporation of Forrest and Cotton, Inc., while he was project engineer for the plant, he was employed by Forrest and Cotton, Consulting Engineers, and he was paid by Forrest and Cotton,

Consulting Engineers, for the performance of his duties as project engineer. After incorporation, Forrest and Cotton, Inc. was assigned the contract Forrest and Cotton, Consulting Engineers made with the City of San Angelo, Texas and Forrest and Cotton, Inc. assumed all obligations under said contract. After incorporation, at all times until completion of the plant, he was employed by Forrest and Cotton, Inc. as project engineer and was paid by Forrest and Cotton, Inc.

The only questions presented by this appeal are the applicability and constitutionality of Article 5536a. We hold the statute is applicable and constitutional and affirm the judgment.

We find no merit in appellants' contention the court erred in rendering summary judgment predicated on Article 5536a because Forrest and Cotton, Inc. is a corporation and not a "registered or licensed engineer or architect." Subsections 17 and 18 of Article 3271a, known as the Texas Engineering Practice Act, are as follows:

"Sec. 17. A firm, or a co-partnership, or a corporation, or a joint stock association may engage in the practice of professional engineering in this State, provided such practice is carried on by only professional engineers registered in this State.

Sec. 18. No firm, partnership, association, corporation, or other business entity shall hold itself out to the public or any member thereof as being engaged in the practice of engineering under any assumed, trade, business, partnership or corporate name or employ, use, cause to be used or make use of in any manner whatsoever any such words or terms as 'engineer,' 'engineering,' 'engineering services,' 'engineering company,' 'engineering, inc.' 'professional engineers,' 'licensed engineer,' 'registered engineer,' 'licensed professional engineer,' 'registered professional engineer,' 'engineered,' or any combinations, abbreviations or variations thereof, or in combination with any other words, letters, initials, signs or symbols on, in or as a part of, directly or indirectly, any sign, directory, listing,

contract, document, pamphlet, stationery, letterhead, advertisement, signature, trade name, assumed name, corporate or other business name unless such firm, partnership, association, corporation or other business entity is actually and actively engaged in the practice of engineering or offering engineering services to the public, and any and all services, work, acts or things performed or done by it which constitute any part of the practice of engineering are either personally performed or done by a registered engineer or under the responsible supervision of a registered engineer."

The Legislature has the power to enact curative or remedial legislation. *Burch v. City of San Antonio*, 518 S.W.2d 540 (Tex.1975). Article 5536a is such a statute. In *Burch v. City of San Antonio, supra,* the court said:

" . . . If a statute is curative or remedial in its nature the rule is generally applied that it be given the most comprehensive and liberal construction possible. *City of Mason v. West Texas Utilities Co.,* 150 Tex. 18, 237 S.W.2d 273 (1951); 2 Sutherland Statutory Construction § 41.11 (4th ed. C. Sands 1973) . . . "

In *City of Mason v. West Texas Utilities Co.,* 150 Tex. 18, 237 S.W.2d 273 (1951), the court said:

"If a statute is curative or remedial in its nature, the rule is generally applied that it be given the most comprehensive and liberal construction possible. It certainly should not be given a narrow, technical construction which would defeat the very purpose for which the statute was enacted. 39 Tex.Jur., pp. 273, 274, § 145; 59 C.J., p. 1106, § 657; 50 Amer.Jur. p. 415, § 392, and the cases cited from the many jurisdictions in support of the rule."

Appellants cite *Willis v. Chowning,* 90 Tex. 617, 40 S.W. 395 (1897) and *Eubanks v. Wood,* 304 S.W.2d 567 (Tex.Civ. App.—Eastland 1957, writ ref. n.r.e.) in support of their first point of error. We have considered these cases and do not consider them in point. We hold it was not the intention of the Legislature to exclude registered engineers operating as a corporation from the benefits of the statute.

Appellants contend Article 5536a is unconstitutional because it deprives them of due process of law. They also contend it "violates the prohibition against equal protection of the law" since it favored certain defendants to the exclusion of other possible defendants. No Texas cases are cited in support of this point and we are unable to find any. In *Smith v. Davis,* 426 S.W.2d 827 (Tex.1968), the court said:

"In passing upon the constitutionality of a statute, we begin with a presumption of validity. It is to be presumed that the Legislature has not acted unreasonably or arbitrarily; and a mere difference of opinion, where reasonable minds could differ, is not a sufficient basis for striking down legislation as arbitrary or unreasonable. The wisdom or expediency of the law is the Legislature's prerogative, not ours. As quoted in this Court's opinion in *Texas National Guard Armory Board v. McCraw,* 132 Tex. 613, 126 S.W.2d 627 at 634 (1939), 'There is a strong presumption that a Legislature understands and correctly appreciates the needs of its own people, that its laws are directed to problems made manifest by experience, and that its discriminations are based upon adequate grounds.' "

We hold the statute is constitutional.

Appellants contend the court erred in granting summary judgment against the minor plaintiffs in view of Article 5535, V.A.T.S., which is as follows:

"If a person entitled to bring any action mentioned in this subdivision of this title be at the time the cause of action accrues either a minor, a married person under twenty-one years of age, a person imprisoned or a person of unsound mind, the time of such disability shall not be deemed a portion of the time limited for the commencement of the action and such person shall have the same time after the removal of his disability that is allowed to others by the provisions of this title."

When Article 5536a was enacted in 1969, none of the appellants had a cause of action or any vested rights against Forrest and Cotton, Inc. The date the minors alleged cause of action accrued against Forrest and Cotton was on August 11, 1973, the date of their father's death. At the time the minors' cause of action accrued the ten-year period of limitations provided for in Article 5536a had already expired. At the time of their father's death they had no cause of action against Forrest and Cotton, Inc. The court did not err in granting summary judgment against the minor plaintiffs.

Appellants contend the court erred in giving retroactive effect to Article 5536a in that it was not passed until after the acts complained of by them against Forrest and Cotton occurred. No cases are cited in support of this point. They cite "37 Tex. Jur.2d, 'Limitations of Actions,' Section 37, pp. 9798" in support of their contention. We have considered this authority and find it is not relative to the issue. In *Texas Water Rights Commission v. Wright*, 464 S.W.2d 642 (Tex.1971) the court said:

> "Mere retroactivity is not sufficient to invalidate a statute. The fact that a statute authorizes the consideration of events that occurred prior to the effective date of the statute does not compel disapproval of the enactment, provided the affected parties were afforded a reasonable time to protect their interests . . . ."

We have considered all of appellants' points and find no merit in them. They are all overruled. The judgment is affirmed.

## ON MOTION FOR REHEARING

McCLOUD, Chief Justice, dissenting.

I dissent. Section 1 of Article 5536a clearly provides that the limitation statute applies to a "registered or licensed engineer or architect in this state." The defendant, Forrest and Cotton, Inc., is a corporation and is not a "registered or licensed engineer." When the Legislature enacted Article 5536a it was aware that under Article 3271a a corporation, under certain conditions, could engage in the practice of professional engineering, yet the Legislature did not include such corporations in Article 5536a. This court in *Kemp v. Fidelity & Casualty Co. of New York*, 504 S.W.2d 633 (Tex.Civ.App.—Eastland 1974, writ ref. n.r.e.) per curiam 512 S.W.2d 688 (Tex.1974) said:

> "When interpreting legislative intent, we are bound by the clear language of the statute. *Railroad Commission of Texas v. Miller*, 434 S.W.2d 670 (Tex.Sup.1968). As stated in *Simmons v. Arnim*, 110 Tex. 309, 220 S.W. 66 (1920):
> 'Courts must take statutes as they find them. More than that, they should be willing to take them as they find them. They should search out carefully the intendment of a statute, giving full effect to all of its terms. But they must find its intent in its language, and not elsewhere. They are not the lawmaking body. They are not responsible for omissions in legislation. They are responsible for a true and fair interpretation of the written law. It must be an interpretation which expresses only the will of the makers of the law, not forced nor strained, but simply such as the words of the law in their plain sense fairly sanction and will clearly sustain.' "

I would reverse and remand.