**Selena R. MAHATHY, a minor, et al., Appellants,**

v.

**GEORGE L. INGRAM AND ASSOCIATES, Appellee.**

No. 8322.

Court of Civil Appeals of Texas, Beaumont.

June 28, 1979.

March H. Coffield, Jasper, for appellants.

Thomas G. King, Beaumont, for appellee.

CLAYTON, Justice.

This is a personal injury action brought by appellants, Selena Rechell Mahathy, a minor, suing by and through her mother, Hellen Gillis as next friend, and by the mother in her individual capacity, against George L. Ingram and Associates, appellee herein. The suit is based upon injuries received by the minor on May 5, 1978, when she was 15 years of age, and a student at the Middle School in Jasper, Texas. Her injuries were sustained when she attempted to go through a door of the school building and cut her arm on glass that formed a portion of the door. Appellants alleged various acts of negligence in the design of the door and breach of implied warranties.

Appellee filed a motion for summary judgment, based upon the limitation provisions of *Tex.Rev.Civ.Stat.Ann. art. 5536a* (Vernon Supp.1978), asserting the applicability of that 10-year statute of limitations. Following appellants' reply to such motion, an order was entered by the trial court severing appellants' cause of action against the general contractor on this school project. Summary judgment was rendered for appellee, from which judgment appellants have appealed.

Appellants, in their sole point of error, contend that *Tex.Rev.Civ.Stat.Ann. art. 5536a* (Vernon Supp.1978) does not bar their cause of action for the reason that the minor appellant is and was, at all material times, under a disability as a minor and

that the tolling provisions of *Tex.Rev.Civ. Stat.Ann. art. 5535* (Vernon1958) is controlling, and, therefore, as a matter of law, their cause of action is not barred by the 10-year limitations as provided in *Article 5536a.*

It is undisputed that appellee, Ingram, was and is a Registered Architect within the State of Texas, and, as such, designed the school building in question and was responsible for planning and inspecting the construction of improvements, equipment, and structures in connection with such building. The school building had been completed on or about October 13, 1964, more than thirteen years prior to the date of the injuries made the basis of this suit.

Briefly stated, *Section 1* of *Article 5536a* provides that all actions or suits for damages or injuries sustained by any individual arising out of a defective or unsafe condition of any real property shall be commenced and prosecuted within ten years from the "substantial completion" of any improvements to such real property. This section of the statute applies to registered or licensed engineers or architects who performed or furnished the design, planning, inspection, or construction of such improvements to real property. This section of *Article 5536a* became effective on September 1, 1969. *Section 2* of such Act, effective September 1, 1975, enumerates certain provisions which could extend the limitation period beyond the tenth year from the date of substantial compliance, none of which are applicable to the case at bar.

Appellants contend that the 10-year limitation stated in *Article 5536a* is tolled during the minority of the minor under the express provisions of *Article 5535.* This contention has been answered adversely to appellants in *Hill v. Forrest & Cotton, Inc.,* 555 S.W.2d 145 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.). The *Hill* case specifically holds that *Article 5536a* is constitutional and that it was to be applied retroactively.

In the case at bar, the date the minor appellant's alleged cause of action accrued against appellee Ingram was on May 5, 1978, the date of her injuries. At the time the minor's cause of action accrued the 10-year period of limitations provided for in *Article 5536a* had already expired. The limitation period could not be tolled because it had already expired and barred any cause of action accruing after the expiration of the 10-year period. At the time of the occurrence of the minor's injuries, she had no maintainable cause of action against appellee. *Hill v. Forrest & Cotton, Inc.,* supra. The minor appellant having no such cause of action, the mother, as next friend and in her individual capacity, had none. This point is overruled.

There being no error, the judgment of the trial court is affirmed.

AFFIRMED.

DIES, C. J., not participating.