T. D. HARVEY, M. D. et al., Appellants,

v.

Katherine DENTON, Appellee.

No. 5403.

Court of Civil Appeals of Texas, Eastland.

May 22, 1980.

Rehearing Denied June 18, 1980.

Paul M. Green, Lang, Cross, Ladon, Boldrick & Green, San Antonio, Marshall Boykin, III, Wood, Boykin & Wolter, Corpus Christi, for appellants.

Russell H. McMains, Edwards & Perry, Corpus Christi, Clem Lyons, Southers, Goldberg & Lyons, Inc., San Antonio, for appellee.

RALEIGH BROWN, Justice.

This is a medical malpractice case. Katherine Denton sued T. D. Harvey, M. D., and Edward Dosher, M. D., on November 1, 1975, for injuries suffered during hospitalization for removal of her gall bladder. Based on the jury's verdict, judgment was entered that Mrs. Denton recover from Harvey and Dosher, jointly and severally, the sum of $400,000.00 together with interest at the rate of 9% per annum until paid. Harvey and Dosher appeal. We reform and affirm.

Mrs. Denton, on October 30, 1973, had a cholecystectomy. Dosher was the surgeon and Harvey was the assistant surgeon. The surgery was described by experts as being a common, if not routine, procedure which would have ordinarily entailed a five to seven day hospitalization. Approximately four to five days following the surgery, Mrs. Denton developed postoperative complications, including complaints of intense abdominal pain and abdominal distension. On November 16, 1973, Mrs. Denton's abdominal cavity was partially re-explored by Dr. Dosher, and a large amount of bile-stained fluid was removed. Again on November 28, 1973, Dr. Dosher re-explored Mrs. Denton's abdomen, drained bile-colored fluid and placed additional drains in

her abdomen. She was discharged from the hospital on January 17, 1974.

Mrs. Denton was then referred by Dr. Dosher to Dr. McClelland of Dallas, Texas, where she was admitted to the hospital for corrective surgery on February 13, 1974. Subsequently, in December 1974, Mrs. Denton required additional surgery by Dr. Warren in Boston, Massachusetts.

The evidence was undisputed that Dr. Dosher, during the surgery of October 30, 1973, severed a duct running from the liver to the gall bladder. Mrs. Denton contended it was the hepatic or common bile duct that was cut and to sever such a duct during this kind of surgery was negligence. Dr. Dosher insisted that he cut an anomalous accessory duct under circumstances that did not constitute negligence. It was generally agreed that whichever duct was severed carried the majority of bile from Mrs. Denton's liver to her gall bladder and that bile leaking from this severed duct post-operatively caused her problems requiring additional hospitalization and surgery.

The jury determined that during the October 30, 1973, surgery Dr. Dosher was negligent in severing Mrs. Denton's hepatic or common bile duct and in failing to perform a cholangiogram, and that each act of negligence was a proximate cause of Mrs. Denton's injuries. The jury also agreed that during the subsequent surgery on November 16, 1973, Dr. Dosher was negligent in failing to recognize and repair the severed duct and that Dr. Harvey was negligent in failing to recognize the severed duct. Each act was determined to be a proximate cause of the injuries of Mrs. Denton. The jury found that the earliest date Katherine Denton discovered, or in the exercise of reasonable care, should have discovered, that a bile duct was severed during the surgery of October 30, 1973, was February 13, 1974.

In assessing damages, the jury determined separately Mrs. Denton's past and future physical pain and mental anguish; past and future loss of earnings; past and future physical impairment; and past and future reasonable medical expenses. The total of all damage findings is $400,000.00.

The jury also attributed a percentage of such damages to the negligence of appellants in failing to recognize and/or repair the ductal severance during the re-exploration of November 16, 1973. Further, the jury attributed different percentages of the negligence to Dr. Dosher and Dr. Harvey.

The thrust of appellants' appeal is: (1) the impropriety of a joint and several judgment; (2) the applicable statute of limitations and its effect; (3) errors in the Court's charge as to damages; (4) insufficiency of evidence as to damages; and (5) excessiveness of damages.

In their first point of error Dr. Dosher and Dr. Harvey argue that the trial court erred in rendering judgment against them, jointly and severally, for $400,000.00 because the requisite indivisible injury which must serve as a predicate for joint and several liability was neither proved nor found by the jury.

■ This case was tried on the theory that Mrs. Denton's damages resulted from several separate and distinct tortious acts committed during two separate operations. With regard to the second operation, it is not possible to apportion damages with reasonable certainty among the wrongdoers involved in that operation. Therefore, all wrongdoers involved in the second operation are jointly and severally liable for the damages proximately caused by that operation. See *Riley v. Industrial Finance Service Co.*, 157 Tex. 306, 302 S.W.2d 652, 655 (1957); *Landers v. East Texas Salt Water Disposal Co.*, 151 Tex. 251, 248 S.W.2d 731, 734 (1952). Since both Dr. Dosher and Dr. Harvey were found to be wrongdoers in the second operation, they are jointly and severally liable for those damages.

■ The jury has found that Dr. Dosher was the only wrongdoer involved in the first operation. Further, the jury determined that the torts committed during the second operation proximately caused $131,620.00 damages to Mrs. Denton. Therefore, Dr. Harvey and Dr. Dosher are jointly and severally liable for that amount, and Dr. Dosher is severally liable for the remaining $268,380.00.

Appellants next contend that the trial court erred in holding that appellee's cause of action was not barred by limitations. They contend that the appellee's cause of action was barred by either Tex.Rev.Civ. Stat.Ann. art. 5526 (Vernon Supp.1980), or Tex.Ins.Code Ann. art. 5.82, § 4 (1975). We disagree with these contentions.

█ The limitation period applicable to appellee's cause of action prior to the enactment of Article 5.82 of the Insurance Code was the two year limitation provision of Article 5526. Under this statute a plaintiff must commence and prosecute his suit within two years after the cause of action "accrues." Our Supreme Court has decided that in certain types of medical malpractice actions, a cause of action does not "accrue" until the alleged negligent act is, or in the exercise of reasonable diligence, should have been discovered. *Robinson v. Weaver*, 550 S.W.2d 18 (Tex.1977); *Hays v. Hall*, 488 S.W.2d 412 (Tex.1972); *Gaddis v. Smith*, 417 S.W.2d 577 (Tex.1967). See also *Grady v. Faykus*, 530 S.W.2d 151 (Tex.Civ.App.—Corpus Christi 1975, writ ref'd n. r. e.). This is referred to as the discovery rule.

*Robinson*, supra, the most recent Supreme Court decision concerning the discovery rule, was a case involving a physician's alleged misdiagnosis. In that case, the court drew a distinction between cases which require expert testimony to prove a negligent mistake in professional judgment, and those cases in which physical evidence in-and-of-itself establishes the negligence of some person. It was held that the discovery rule does not apply to medical malpractice cases in which the proof of negligence "rests on matters of professional diagnosis, judgment or discretion." However, the court reaffirmed its holdings in *Gaddis* and *Hays*, supra, and their approval of *Grady*, supra, and left the discovery rule intact in cases where physical proof is used to establish the plaintiff's case.

█ This case is not solely a misdiagnosis case. It is one in which physical proof, a severed duct, can and must be used to prove the plaintiff's case. The proof of negligence does not rest on matters of professional diagnosis, judgment or discretion. We therefore hold that the discovery rule is applicable.

█ The jury has found that the appellee discovered, or should have discovered her injury on February 13, 1974. This finding is not challenged by appellant and is therefore conclusive on appeal. *Dallas Transit Company v. Young*, 370 S.W.2d 6 (Tex.Civ. App.—Dallas 1963, writ ref'd n. r. e.); *Security Insurance & Company v. Sellers-Samons-Signor Motor Company*, 235 S.W. 617 (Tex.Civ.App.—Fort Worth 1921, writ ref'd).

As a result, appellee had until February 13, 1976, to file her lawsuit unless this period was shortened by the enactment of Article 5.82 of the Insurance Code.

Article 5.82 became effective on June 3, 1975, and provided in pertinent part:

Sec. 4. Notwithstanding any other law, no claim against a person or hospital covered by a policy of professional liability insurance covering a person licensed to practice medicine or podiatry or certified to administer anesthesia in this state or a hospital licensed under the Texas Hospital Licensing Law, as amended (Article 4437f, Vernon's Texas Civil Statutes), whether for breach of express or implied contract or tort for compensation for a medical treatment or hospitalization may be commenced unless the action is filed within two years of the breach or the tort complained of or from the date the medical treatment that is the subject of the claim of the hospitalization for which the claim is made is completed.[1] . . .

Considering the 1975 Statute, the pertinent dates are noted as follows:

| | |
|---|---|
| Date of injury | October 30, 1973 |
| Date of discovery | February 13, 1974 |
| Effective date of statute | June 3, 1975 |
| Two years from date of injury | October 30, 1975 |
| Petition filed | November 1, 1975 |
| Two years from date of discovery | February 13, 1976 |

---

1. This statute was repealed effective August 29, 1977. However, essentially the same provisions are now found in Tex.Rev.Civ.Stat.Ann. art. 4590(i), § 10.01 (Vernon Supp.1980).

The legislature has the right to provide a shorter period of limitation for an existing cause of action and to make a statute of limitation for causes where none existed before, and such a statute is constitutional so long as it allows a reasonable time after the law goes into effect to bring suit upon actions which are not then barred. *Wright v. Hardie*, 88 Tex. 653, 32 S.W. 885 (1895); *Boon v. Chamberlain*, 82 Tex. 480, 18 S.W. 655 (1891); *Highland Park Independent School District v. Loring*, 323 S.W.2d 469 (Tex.Civ.App.—Dallas 1959, no writ).

Article 5.82 provides no guidance as to what is a reasonable time in which to bring suit upon actions which were not barred at the time of enactment. Nevertheless, we must endeavor to interpret this statute so that it will be constitutional and valid if this can be done by any reasonable construction. *McKinney v. Blankenship*, 154 Tex. 632, 282 S.W.2d 691 (1955); *State v. Shoppers World, Inc.*, 380 S.W.2d 107 (Tex. 1964).

Article 5.82 note, § 2 provides in part:
Sec. 2. This Act shall take effect upon its passage and expire on December 31, 1977, except that causes of action accruing during the effective life of this Act shall be filed pursuant to the provisions of Section 4 hereof.

This language indicates that the Act does not apply to causes of action which have accrued prior to the effective date of the Act.

Moreover, a statute will not be applied retroactively even when there is no constitutional impediment against it unless it appears by fair implication from the language used that it was the intention of the legislature to make it applicable to both past and future transactions. *Coastal Industrial Water Authority v. Trinity Portland Cement Division, General Portland Cement Company*, 563 S.W.2d 916, 918 (Tex. 1978); *State v. Humble Oil & Refining Company*, 141 Tex. 40, 169 S.W.2d 707 (1943). It does not appear explicitly or by fair implication from the language that the legislature intended this Statute be applied retroactively. Since we have held that appellee's cause of action accrued before the effective date of the Act, the limitation period applicable to her lawsuit was not shortened by Article 5.82, and she had until two years after discovery of the injury to file her petition.

We overrule appellants' points of error directed to the court's charge. They contend that the trial court failed to give certain definitions or instructions and that the inclusion of physical impairment in the past and future as separate elements of damages in light of the remaining four elements of damages submitted would allow a double recovery.

Tex.R.Civ.P. 273 requires that "a request by either party for any instructions, special issues, definitions or explanatory instructions shall be made separate and apart from such party's objections to the court's charge." Dr. Dosher and Dr. Harvey failed to comply with this rule. All requests for definitions or instructions by appellants were a part of their objections to the court's charge.

The court in *Templeton v. Unigard Security Ins. Co.*, 550 S.W.2d 267 (Tex.1976) considering such a failure said:
The failure of Templeton to separately submit his requests from his objection to the court's charge results in the requests being waived. *Frontier Feedlots, Inc., v. Conklin Bros., Inc.*, 476 S.W.2d 31, 32 (Tex.Civ.App.—Amarillo 1971, no writ); *Blackmon & Associates, Inc. v. Palmer Building Supplies & Specialties, Inc.*, 463 S.W.2d 228, 230–31 (Tex.Civ.App.—Corpus Christi 1971, writ ref'd n. r. e.); *Avant v. Gulf Coast Invest. Corp.*, 457 S.W.2d 134, 136 (Tex.Civ.App.—Dallas 1970, no writ). Violation of Rule 273 precluded appellate review of the request for a special issue and the request for an instruction to the jury.

Dr. Dosher and Dr. Harvey by their objections to the court's charge have limited their argument that the issues permit a double recovery to two instances: (1) in permitting recovery for physical impair-

ment in the past and physical pain and mental anguish in the future, and (2) in permitting recovery for physical impairment in the future and loss of earning capacity in the future.

The latter complaint must fail because each physical impairment issue specifically asks the jury to assess damages for physical impairment other than the capacity to work and earn money; therefore, no double recovery is permitted. The former complaint must fail because there could be no double recovery from an award of damages incurred in the past and those to be incurred in the future.

Next, appellants present challenges to the evidentiary support for the answers to the damage issues. In reviewing the no evidence points, we must review the evidence in its most favorable light, considering only the evidence and inferences which support the findings. *Martinez v. Delta Brands, Inc.,* 515 S.W.2d 263 (Tex. 1974). In disposing of factually insufficient evidence points, we are required to review all the evidence in the record. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Mrs. Denton was a registered nurse and the mother of a small boy. She earned between one thousand ninety dollars and fourteen hundred dollars a month. At the time of the initial surgery, she was thirty-one years of age and was thirty-six at the time of trial. Dr. Robert Berman, as an expert witness, testified that Mrs. Denton's life expectancy has been shortened by 20% as a result of the injuries and that she would need one to three future surgeries. He testified in part:

Q What does the future hold in store for Katherine Denton after she has gone through these five surgeries and has had two major repairs of her bowel. Can you tell us what her prognosis is going to be?

A Yes, based on her past history and the pathological changes that take place, she has had a great deal of scarring and adhesions in her abdomen which has already been described on numerous occasions previously where the bowel gets obstructed because of the adhesions and the chances are going to be very high because of these adhesions for example for further surgery for bowel obstruction—the chances are very high for subsequent obstruction, stopped up because of adhesions.

Her chances for bowel obstruction are going to be very high, where the bowel gets stopped up, because of the adhesions and the chances for further surgery for bowel obstruction are high, anywhere from one to three. The chances for having the repair done once again still remains high. She has had one bout of cholangitis, that is inflammation within the liver, since her repair in New England. This has a tendency to be recurrent. Also the bacteria many times will cause what we call subliminal or subclinical cholangitis. In other words, the patient will feel weak and tired, but doesn't exhibit a full-blown infection or peritonitis or cholangitis—that is, the inflammation of the liver, but it is just enough so that it destroys part of her liver over a long period of time and causes scarring of the liver. She has that to look forward to. An overall life expectancy, that probably takes twenty percent off of her life, because of her damages.

Q Do you feel based on reasonable medical probability that her life expectancy has been limited somewhat because of the injury and surgery?

A Yes. In my opinion I feel that it has been limited.

She now has a ductal system that is abnormal and so therefore cannot function as normal and this in itself would cut her life span.

\* \* \* \* \* \*

Q Doctor, do you have an opinion based on reasonable medical probability as to whether or not she will require surgery in the future?

A In my opinion, I feel in all medical probability that she will require further surgery.

Mrs. Denton testified as to her damages past and present. She has pain in the incisional area and inside her abdomen. The circulation to her lower extremeties is poor. If she is on her feet for prolonged periods of time, she has a lot of swelling in her legs that necessitates the use of heavy elastic stockings. She sleeps very poorly.

Appellee described the scarred areas of her abdomen resulting from her five surgeries including the stab wounds in the lower part of her abdomen resulting from her five surgeries including the stab wounds in the lower part of her abdomen where some of the tubes were inserted. Mrs. Denton has two incisional hernias where the doctors incised her. She testified as to her loss of stamina and her inability to perform certain patient care, including lifting. She also testified as to limitations on doing activities with her son.

The reasonable cost of her medical treatment resulting from the conduct of appellants was presented.

Having reviewed the damage evidence in accordance with the rules set forth, we overrule appellants' legal and factual insufficiency points of error.

■ Finally, Dr. Dosher and Dr. Harvey challenge the jury verdict as being excessive. When a jury verdict is attacked as excessive, presumptions favoring the verdict must be applied and the burden of establishing that the verdict was excessive rests on the party making the complaint. *Hancock Fabrics, Inc. v. Martin*, 596 S.W.2d 186 (Tex.Civ.App.—Houston (14th Dist.) 1980, writ filed); *Hammond v. Stricklen*, 498 S.W.2d 356 (Tex.Civ.App.—Tyler 1973, writ ref'd n. r. e.).

The test to determine whether a verdict is excessive is stated in *Hammond* to be:

In determining whether a verdict is "excessive" the courts must review only that evidence favorable to the award, and the findings of the jury thereon will not be disturbed on ground of "excessive-

ness" if there is any evidence to sustain the award; they will not merely interfere and substitute their judgments, nor is it material that the courts might have awarded a lesser sum as fact finders; there must be some circumstantial indication of bias or prejudice; matters of pain, suffering, and general damages are peculiarly within the discretion of the jury; and in the absence of an affirmative showing of bias or prejudice the courts of civil appeals will give every intendment to the evidence supporting the verdict.

■ Applying such test in the instant case, we find appellants failed to discharge their burden and, therefore, the awards were not excessive and are affirmed.

All points of error not specifically discussed have been considered and are overruled.

The judgment is reformed to provide that Dr. Harvey and Dr. Dosher are jointly and severally liable for $131,620.00 and that Dr. Dosher is also liable for the additional sum of $268,380.00, and as reformed affirmed.