.Sammie Joe SKEEN, et al., Plaintiffs,

v.

MONSANTO COMPANY, et al., Defendants.

Civ. A. No. G–82–468.

United States District Court,
S.D. Texas,
Galveston Division.

April 21, 1983.

Robert M. Moore, Galveston, Tex., for plaintiffs.

Lee L. Kaplan, Baker & Botts, Houston, Tex., for defendant UOP, Inc.

### ORDER

HUGH GIBSON, District Judge.

BEFORE THE COURT is the motion for summary judgment of defendant UOP, Inc., and on review of the pleadings and papers on file, the motion, the supporting affidavits and the arguments of counsel, it appears that plaintiffs' cause of action against UOP, Inc. is barred by the applicable statute of limitations.

Article 5536a, Tex.Rev.Civ.Stat.Ann. (Vernon 1975) provides that all causes of action for personal injury, death and property damage, arising out of a defective or unsafe condition of any improvement to real property or any equipment attached to real property, "against any registered or licensed engineer or architect in this state performing or furnishing the design, plan-

ning, or inspection of construction [of any such improvement] shall be commenced and prosecuted within ten years after the substantial completion" of the improvement. Both parties agree that the Udex Process unit at the Chocolate Bayou plant, which allegedly caused the deceased's injury, was an improvement to real property and was constructed according to a process design and engineering specifications provided by registered professional engineers employed by UOP, Inc.

Article 5536a is entitled "Architects, engineers and persons performing or furnishing construction or repair of improvements to real property." Plaintiff contends that article 5536a is inapplicable to this cause of action as "the statute by title is to 'persons performing or furnishing construction or repair' and no where does it refer to those involved in the mere design of such improvements who do not in fact *perform* or *furnish* construction or repair." Plaintiffs' Memorandum in Response to Motion for Summary Judgment, p. 1.

The Court notes that the title listed above is the short title of the statute and that the full legislative title is, in pertinent part, "An Act creating a time limitation within which actions must be brought against any registered or licensed engineer or architect in this state performing or furnishing design, planning or inspection of any structure or improvement thereon." 1969 (61st Leg.) *Tex.Sess.Law Serv.*, ch. 418, p. 1379 § 1 (Vernon).

█ The Court holds that, while not specifically mentioned in the short title to article 5536a, actions against persons who design, plan or inspect improvements to real property are clearly within the purview of the statute by the plain language of the body of the statute. Article 5536a is therefore the statute of limitations applicable to plaintiffs' cause of action against defendant UOP.

Defendant has submitted affidavits showing that construction of the Chocolate Bayou project was completed on August 23, 1962. This cause of action was filed on

November 2, 1982, more than 20 years after the project was substantially completed.

Texas courts have held that the limitation of article 5536a is not tolled by a plaintiff's minority. *Hill v. Forrest & Cotton, Inc.,* 555 S.W.2d 145, 155 (Tex.Civ.App.—Eastland 1977, writ ref'd n.r.e.); *Mahathy v. George L. Ingram and Assoc.,* 584 S.W.2d 521, 522 (Tex.Civ.App.—Beaumont 1979, no writ). Notice of injury is also immaterial, as the running of the statute commences upon substantial completion of the construction. In the *Hill* and *Mahathy* cases, the courts found that neither plaintiff at the time of injury had a cause of action against the architect or designer because the limitation period had already expired.

In response to defendant's motion for summary judgment, plaintiffs for the first time raise the issue of fraudulent concealment. Section 2 of article 5536a, which applies only to persons performing or furnishing construction or repair of any such improvement to real property which causes injury, provides that the statute "will not operate as a bar to an action ... based on willful misconduct or fraudulent concealment in connection with the performing or furnishing of such construction or repair." The parties agree that defendant UOP did not construct or repair the Udex process unit and is, therefore, not within the class governed by article 5536a section 2.

Section 1 of article 5536a which clearly applies to defendant UOP, provides that any cause of action "shall be commenced and prosecuted within ten years after the substantial completion of any improvement to real property ... and not afterward." Section 1, unlike section 2 of article 5536a, offers no exception to the 10-year limitation for fraudulent concealment to the limitation period.

Plaintiffs contend that the statute of limitation was tolled by defendant UOP's alleged absence from the state. Inasmuch as defendant is a foreign corporation licensed to do business in Texas and has had an authorized agent for service of process since 1959, defendant has been present and amenable to service of process at all times material hereto.

Lastly, plaintiffs allege that article 5536a is unconstitutional, although they assert no basis for this contention. The Court finds that this statute has been held to be non-violative of due process in at least two other cases, *see Hill v. Forrest & Cotton, Inc., supra; Ellerbe v. Otis Elevator Company,* 618 S.W.2d 870 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), *appeal dismissed,* —— U.S. ——, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982, reh'g denied), and finds that plaintiffs' contention is unsupportable.

Plaintiffs having failed to show the statute of limitation inapplicable, tolled or invalid, it appears that defendant UOP's motion for summary judgment should be granted.

Accordingly, it is ORDERED, ADJUDGED and DECREED that plaintiffs' cause of action against defendant UOP, Inc. is DISMISSED with prejudice.