789 F.Supp. 819 (1992)
DAYTON INDEPENDENT SCHOOL DISTRICT, et al., Plaintiffs,
v.
U.S. MINERAL PRODUCTS COMPANY, W.R. Grace & Company and United States Gypsum Company, Defendants.
Civ. A. No. B-87-507-CA.
United States District Court, E.D. Texas, Beaumont Division.
March 27, 1992.
*820 Martin W. Dies, Orange, Tex., for plaintiffs.
Martin W. Dies, Orange, Tex. and Richard C. Hile, Tonahill, Hile, Liester & Jacobellis, Beaumont, Tex., for intervenors.
Walter J. Crawford, Cheryl D. Olesen, Wells, Peyton, Beard, Greenberg Hunt and Crawford, Beaumont, Tex. and Maureen M. Blanding, Patricia S. Greek, Andrews & Kurth, Houston, Tex., for W.R. Grace & Co.
Edward H. Green, Weller, Wheelus & Green, Beaumont, Tex. and Stephen S. Andrews, Woodard, Hall & Primm, Houston, Tex., and John H. Lewis, Jr., Amelia C. Benton, Morgan, Lewis & Bockius, Philadelphia, Pa., for U.S. Gypsum Co.
Harold H. Walker, Gardere & Wynne, Dallas, Tex., A.W. Davis, Jr., Newton, Tex., and Michael T. Starczewski, Hoyle, Morris & Kerr, Philadelphia, Pa., for Nat. Gypsum Co.
John Scott Carlson, Sam A. Lindsay, City Attorney's Office, Dallas, Tex., Ronald Ray Scott, Susan B. Robertson, Bracewell & Patterson, Houston, Tex., Jim L. Flegle, Bracewell & Patterson, Dallas, Tex., Mary Caroline Parker, Dies, Dies & Henderson, Orange, Tex., for City of Dallas, City of Fort Worth, Dallas-Fort Worth Intern. Airport.
Stephen M. Loftin, Taylor M. Hicks, Andrews & Kurth, Houston, Tex., for W.R. Grace & Co-Conn.
Mary Caroline Parker, Martin White Dies, Dies, Dies & Henderson, Orange, Tex., Susan Robertson, Bracewell & Patterson, Houston, Tex., Ronald Ray Scott, Bracewell & Patterson, Houston, Tex., Scott Lyford, Galveston, Tex., and Richard C. Hile, Tonahill, Hile, Leister & Jacobellis, Jasper, Tex., for County of Galveston.
Kent M. Adams, Adams & Duesler, Beaumont, Tex., for Federal Ins. Co.
David A. Livingston, Livingston & Markle, Houston, Tex., William H. Yoes, Beaumont, Tex., for U.S. Minerals Products Co.
Moria E O'Connell, McElroy, Deutsch & Mulvaney, Morristown, N.J., for U.S. Fire Ins. Co.
Andrew R. Harvin, Doyle, Reed, Restrepo, Harvin & Robbins, Houston, Tex., for Continental Cas. Co.
Marc A. Sheiness, Hirsch, Glover, Robinson & Sheiness, Houston, Tex., for Centennial Ins. Co. & Transamerican Ins. Co.
Timothy M. Noland, Gleason, McGuire & Shreffler, Chicago, Ill., and Walter Weathers, Jr., Houston, Tex., for Employers Mut. Cas. Co. and Allstate Ins. Co.
Hubert Oxford, III, Benckenstein, Oxford & Johnson, Beaumont, Tex., and R. Jeff Carlisle, David R. Isola, Lynberg & Watkins, Los Angeles, Cal., for AIU Ins. Co., American Home Assur. Co., Granite State Ins. Co., Nat. Union Fire Ins. Co. of Pa., New Hampshire Co., and Ins. Co. of the State of Pa.
Don Martinson, Cecily Shull Ticker, Dallas, Tex., and Peter N. Hillman, Susan J. Leskowitz, Chadbourne & Parke, New York City, for Republic Ins. Co.
Thomas B. Taylor, Taylor & Eggleston, Houston, Tex., and Carl J. Pernicone, Wilson, Elser, Moskowitz, Edelman & Dicker, New York City, for Boston Old Colony Ins. Co. and Royal Ins. Co.
Gail C. Jenkins, Benckenstein, Norvell Bernsen & Nathan, Beaumont, Tex., and Katherine E. Rawosky, Margaret B. Jones, Grippo & Elden, Chicago, Ill., for Fireman's Fund Ins. Co.
Derek R. Van Gilder, Van Gilder & Associates, Houston, Tex., and M. Carolyn Cox, Teresa D. Baer, and Peter A. Von Mehren, Wilmer, Cutler & Pickering, Washington, D.C., for Ins. Co. of North America, Century Indem. Co. and Pacific Employers Ins. Co.
William J. Joseph, Jr., Young & Hampton, Houston, Tex., and Arthur Leiderman, Standard, Weisberg, Heckerling & Rosow, *821 New York City, for Admiral Ins. Co., Adriatic Ins. Co., Royale Belge, SA, and Swiss Reinsurance Co.
L.S. Carsey, Fulbright & Jaworksi, Houston, Tex., and Mary Ann D'Amato, Thomas J. Quinn, Eileen T. McCabe, Mendes & Mount, New York City, for Eagle Star Ins. Co., Guarantee Ins. Co., Assurances Generales Belge, Birmingham Fire Ins. Co., Plaisted & London Companies, and Zurich Intern. Ltd.

OPINION
JOE J. FISHER, District Judge.
ON THIS DAY came on for consideration W.R. Grace & Co.  Conn.'s ("Defendant") Motion for Reconsideration.
Defendant requests that the Court reconsider its Opinion and Order of February 12, 1992 finding that Defendant is not protected by the Statute of Repose in light of the recent Fifth Circuit decision in Dedmon v. Stewart Warner Corp., 950 F.2d 244 (5th Cir.1992). This Court is, of course, bound by the Fifth Circuit's finding in Dedmon that manufacturers are within the class of persons potentially protected by Section 16.009.[1] Thus, until such time as Dedmon is overruled, it is controlling precedent in this circuit. Farnham v. Bristow Helicopters, Inc., 776 F.2d 535 (5th Cir.1985). This finding, however, does not justify the granting of summary judgment in Defendant's behalf.
Plaintiffs argue that summary judgment is inappropriate because (1) Sections 16.008 and 16.009 do not bar their causes of action as the legislature did not intend these statutes to be applied retroactively;[2] (2) Sections 16.008 and 16.009 are unconstitutional as applied to the facts in the instant case; (3) a material issue of fact exists concerning (a) Grace's status as an engineer or architect [Section 16.008] and whether an engineer designed the Zonolite Acoustical Plaster; (b) whether Defendant is guilty of fraudulent concealment and willful misconduct concerning the performance of its products under Section 16.009(e)(3); and (c) whether the products in issue are improvements or component parts not covered by the statute.
Even though the application of these statutes may pose constitutional problems, the Court need not address such, as it concludes that the legislature did not intend to apply Sections 16.008 and 16.009 retroactively. Doran v. Compton, 645 F.2d 440, 446-447 (5th Cir.1981). The law is well-settled in Texas that statutes will be applied prospectively unless the legislature clearly intended the statute to be applied retroactively. State v. Humble Oil & Refining Co., 141 Tex. 40, 169 S.W.2d 707 (1943). Moreover, "[A] statute is presumed to be prospective in its operation unless expressly made retroactive." Tex. Gov't.Code Ann.Code, Section 311.022 (Vernon's 1988) (Vernon's Ann.Civ.Stat.Art. 5429b-2 [1967]) (emphasis added); see also Highland Park I.S.D. v. Loring, 323 S.W.2d 469, 470 (Tex.Civ.App.  Dallas 1959, writ ref'd, n.r.e.). "If there is any doubt, the intention will be resolved against retrospective operation of a statute." Ex Parte John M. Abell, 613 S.W.2d 255, 258 (Tex.1981).
No Texas court has yet addressed the specific question of whether the legislature intended Sections 16.008 and 16.009 to be applied retroactively. In Hill v. Forrest & Cotton, 555 S.W.2d 145 (Tex.Civ.App.  Eastland 1977, writ ref'd, n.r.e.), the Court of Appeals found that the trial court did not err in giving retroactive effect to Article 5536(a).[3] A careful reading of the decision *822 clearly indicates, however, that the Court did not consider the issue of whether the legislature intended the statute to be applied retroactively. Thus, this Court must do so.
The language used in Sections 16.008 and 16.009 neither "plainly states or reasonably implies, that the legislature intended that the ... [statute] operate retroactively although it is apparent that the legislature could have easily so provided had it been their intention...." Coastal Industrial Water Authority v. Trinity Portland Cement Division, 563 S.W.2d 916, 918 (Tex. 1978). The emergency clause for Sections 16.008 and 16.009 respectively provide that "this Act shall take effect and shall be in force from and after its passage, and it is so enacted" and "this Act take effect and be in force from and after its passage...." See Houston I.S.D. v. Houston Chronicle, 798 S.W.2d 580, 585-586 (Tex.App.  Houston [1st Dist.] 1990, error denied) (emergency clause providing "effective immediately"  "strongly suggests that the amendment was not intended to apply retroactively....") Id. at 585. See also Harvey v. Denton, 601 S.W.2d 121 (Tex.Civ.App. Eastland 1980, writ ref'd, n.r.e.) (language in statute that "[T]his Act shall take effect upon its passage and expire on December 31, 1977 ...," indicates that the Act does not apply to causes of action which have accrued prior to the effective date of the Act. Id. at 126.)
The legislative history of Sections 16.008 or 16.009 does not support a finding that the legislature intended the Act to apply retroactively. The transcripts of the legislative proceedings in the House of Representatives concerning the adoption of Section 16.009 indicate that the issue of retroactive application was never discussed. While the Statutes of Repose were designed to protect architects, engineers, and builders from protracted and extended vulnerability to lawsuits, Sowders v. M.W. Kellogg Co., 663 S.W.2d 644 (Tex.App.  Houston [1st Dist.] 1983, writ ref'd, n.r.e.), this does not evidence an indication that the statute was to be applied retroactively. The legislature certainly had knowledge of its own rule of construction that statutes would be presumed to operate prospectively unless expressly made retroactive. Defendant does not cite, nor can the Court find, any indication that the legislature intended the Statutes of Repose to apply retroactively.
The Fifth Circuit in Doran v. Compton, 645 F.2d 440 (5th Cir.1981), set forth a two-part test to determine the applicable statute of limitations where the statute at time of suit is not the same as the one in force at the time the cause of action arose. As in Doran, the Court need only address the first issue, as it finds that the legislature did not intend the statute to apply retroactively. After an extensive discussion of Texas law, the Court noted that "although the legislature can enact a statute of limitations designed to apply retroactively, a statute of limitations will apply to a preexisting cause of action only if it was intended to apply retroactively...." Id. at 477. The Fifth Circuit then concluded that the legislature did not intend for Article 5.82(4) to be applied retroactively, and therefore the Article does not apply to "causes of action accruing prior to the enactment of the statutes ... [which] were not then time-barred." Id. at 451.
It is undisputed that the Plaintiffs' injury occurred prior to the effective date of the Statutes of Repose, as the injury occurred when Defendant's defective products were installed in Plaintiffs' buildings and began to release asbestos fibers into the building environment. To bar Plaintiffs' vested causes of action which preexisted the effective date of Sections 16.008 and 16.009 would be contrary to the well-established law of this State and the presumption that *823 statutes will be applied prospectively as to the vast majority of buildings at issue.[4]
Plaintiffs further argue that a genuine issue of fact exists which precludes the entry of summary judgment. This Court must review the summary judgment evidence and inferences to be drawn therefrom in the light most favorable to Plaintiffs. Baton Rouge Bldg. & Constr. Trade Council v. Jacobs Constructors, Inc., 804 F.2d 879, 881 (5th Cir.1986) (per curiam). The Plaintiffs herein seek to avoid judgment by establishing a factual dispute, and, therefore, must set forth specific facts showing that there is a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The Court, having carefully considered the summary judgment evidence, finds genuine issues of fact exist concerning (a) whether Defendant is guilty of fraudulent concealment and willful misconduct;[5] (b) whether Grace is an "architect or engineer" as protected by Section 16.008; (c) whether Grace's engineer designed the product, Zonolite Acoustical Plaster; and (d) whether the products in issue are improvements or component parts.
If the only issues for this Court to decide were whether Defendant is protected by the Statute of Repose and whether the Statutes of Repose were intended to and could be constitutionally applied retroactively, then the Court might consider Defendant's request to certify these issues for interlocutory appeal pursuant to 28 U.S.C. Sec. 1292(b). This case is set for jury selection on March 30, 1992 with trial to begin on April 6, 1992. To grant an interlocutory appeal, in light of the factual issues which only a jury can resolve, would not serve the purposes of Section 1292(b) but rather would merely delay the trial of this cause and the ultimate resolution of all issues in controversy.
It is, therefore, ORDERED, ADJUDGED and DECREED that Defendant W.R. Grace & Co.  Conn.'s Motion for Summary Judgment be, and the same is hereby, in all things, DENIED.
NOTES
[1] The Court would urge the Fifth Circuit to consider the legislative history and case law cited in its February 12, 1992 Opinion, as it is apparent that as Judge Reavley suspicioned, "the Texas legislature intended the repose statute to protect a specific class of economic actors  construction industry professionals who perform certain functions...." Dedmon v. Stewart Warner Corp., 950 F.2d at 249. It also appears that the Texas Supreme Court has approved this classification.
[2] Grace claims the protection of Section 16.008 only with regard to its product, Zonolite Acoustical Plaster.
[3] The Court correctly stated the law in Texas that "mere retroactivity is not sufficient to invalidate a statute. The fact that a statute authorizes the consideration of events that occurred prior to the effective date of the statute does not compel disapproval of the enactment...." Forrest & Cotton, 555 S.W.2d at 150. As the Fifth Circuit pointed out in Doran v. Compton, in Forrest & Cotton and Mahathy v. George L. Ingram & Associates, 584 S.W.2d 521 (Tex.Civ. App.  Beaumont 1979, no writ), "the injury that gave rise to the Plaintiffs' causes of action occurred after the effective date of the new statute of limitations, not before the new statute of limitations as in the instant case...." Id. at 451-52.
[4] As political subdivisions of the State, the statute of limitations does not run against Plaintffs' causes of action. Prior to the effective date of Section 16.009, Plaintiffs had a vested cause of action against Grace. As the Texas Supreme Court in Ex Parte Abell, 613 S.W.2d 255, 261 (Tex.1981) concluded, "a right has been well-defined to be a well-founded claim, and a well-founded claim means nothing more or less than a claim recognized or secured by law ... A right, in a legal sense, exists, when in consequence of the existence of given facts, the law declares that one person is entitled to enforce against another a given claim, or to resist the enforcement of a claim urged by another."
[5] Even though the Court has found that the Statutes of Repose do not apply retroactively to bar Plaintiffs' claims, it will submit an issue concerning fraudulent concealment and willful misconduct to the jury so that the Fifth Circuit will have a complete record concerning all factual issues before it.