Melvin R. COMER, Plaintiff-Appellant,

v.

TEXACO, INC., and the Travelers Insurance Company, et al., Defendants-Appellees.

No. 74–4199

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

June 20, 1975.

Gothard J. Reck, Darryl J. Tschirn, Metairie, La., for plaintiff-appellant.

John C. Combe, Jr., New Orleans, La., for defendants-appellees.

Before BROWN, Chief Judge, and GODBOLD and GEE, Circuit Judges.

PER CURIAM:

Comer was injured during the course of a robbery of the gas station where he was employed. The station is located, as Comer admittedly knew before the robbery, in a high-crime area. He argues his employer failed to exercise reasonable care in protecting employees' safety—despite Comer's express request therefor. Appellees respond that Comer knew the risks and assumed them. The District Court granted summary judgment for Employer, and we affirm, on the basis of Pfister v. Phoenix of Hartford Insurance Co., La.App., 4 Cir., 1974, 290 So.2d 362 and Erie Railroad Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

First, Comer asserts we are not bound by *Pfister*, because an earlier Louisiana Supreme Court case, Langlois v. Allied Chemical Corp., 1971, 258 La. 1067, 249 So.2d 133, is fatally inconsistent. The short answer, in our *Erie*-bound Court, is that the same Louisiana Supreme Court refused to review *Pfister*, 1974, La., 293 So.2d 187,[1] and we must conclude that *that*—the controlling—Court did not see any fatal inconsistency. *See*, Ford Motor Co. v. Mathis, 5 Cir., 1963, 322 F.2d 267, 269.

Second, Comer would distinguish *Pfister* on the ground Comer, because of his physical condition, had a great deal of difficulty finding work. Thus, unlike Pfister, he cannot be held to the same free acceptance of risk that Pfister, an apparently healthy man, was. We do not read *Pfister* so narrowly. We think the Court's concern was not availability of other employment, but the basic freedom-to-quit. Comer knew he was working in a high-crime area, *was* free to quit (whether or not he could have found other work), yet he elected to stay. *That*, says *Pfister*, is an assumption of the risk—and *that* is the end of this case.

Affirmed.

---

1. So did the United States Supreme Court, 1974, 419 U.S. 966, 95 S.Ct. 229, 42 L.Ed.2d 181.