346 So.2d 313 (1977)
June Marie SMITH, as Administratrix, Legal Guardian, Tutrix and wife of Deceased James Ferrante, and on behalf of his Estate and succession, and on behalf of the minor children, Jessica Ferrante and Jason Ferrante
v.
OFFICERS AND DIRECTORS OF KART-N-KARRY, INC., Glen Wright, President, et al.
No. 8139.
Court of Appeal of Louisiana, Fourth Circuit.
May 17, 1977.
Rehearing Denied June 7, 1977.
*314 Norman Mopsik, New Orleans, for plaintiffs-appellants.
Johnston & Duplass, Robert M. Johnston, New Orleans, for Glen Wright, in his capacity as President and Treasurer of Kart-N-Karry, et al., defendants-appellees.
Before SAMUEL, GULOTTA and BOUTALL, JJ.
BOUTALL, Judge.
Plaintiff, wife of the deceased James Ferrante, Jr., brought this suit on her own behalf and on the behalf of the deceased's two minor children as an executive and officer liability suit. Plaintiff seeks recovery of the wrongful death of her husband who was shot to death during the armed robbery of the Kart-N-Karry establishment where he was manager and cashier. Defendants answered the suit and filed a motion for summary judgment. The motion for summary judgment was granted and plaintiff's suit was dismissed with prejudice. Plaintiff has appealed that judgment.
The issue herein is governed by the provisions of Article 966, Code of Civil Procedure, which, in pertinent part, states:
"The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law."
There is no factual dispute herein. Mover relies on three documents for judgment: Plaintiff's petition, Plaintiff's answer to interrogatories and Plaintiff's answers to questions on deposition.
Plaintiff's petition alleges that the defendants were negligent for failing to take various measures to protect the decedent even though the defendants had knowledge of the danger to which the deceased employee was exposed. In paragraph IV(b) of plaintiff's petition, plaintiff states that:
"The defendants despite their knowledge that their small supermarket was previously robbed and that there were repeated requests by their employees including the deceased James Ferrante, Jr.; and that there had been a repeated history of criminal action perpetrated by third parties, the said defendants failed to do all things reasonable, necessary and foreseeable to protect against such occurrences and safeguard the safety of the decedent."
Defendants submitted interrogatories to the plaintiff and asked specifically what requests and complaints were made by the decedent in regard to the allegations contained in paragraph IV(b) of plaintiff's petition. Plaintiff answered:
"The deceased James Ferrante made frequent requests, complaints, to his employer about having mobile security and or individually security guards actually stationed in the various stores. He additionally asked for more help besides himself in order to get added protection."
Additionally, defendants took discovery depositions of plaintiff on March 29, 1976. In summary of her answers, the following facts were stated by plaintiff: that her husband had made repeated requests for help, that he was concerned for his life and safety, that he feared his store would be robbed because it was in a bad neighborhood.
Based on these facts, appellee contends that deceased James Ferrante, Jr. had knowledge of the dangers of working in the Kart-N-Karry under the unprotected conditions in the store, and that under present jurisprudence, to work at the store with the knowledge of the dangers constituted assumption of the risk and contributory negligence. Pfister v. Phoenix of Hartford Insurance *315 Company, La.App., 290 So.2d 362 (1974).
In Pfister, an apartment complex manager was severely beaten during a robbery of the office where he worked. The manager had warned the defendant executives and officers of the high crime rate of the neighborhood and sought security guards for protection. This court found the plaintiff apartment manager to be prevented from recovery by the defenses of contributory negligence and assumption of the risk.
This court, in Pfister, said at 290 So.2d 364:
"Contributory negligence is conduct on the part of the plaintiff which falls below the standard to which he should conform for his own safety and protection, the standard being that of a reasonable man under like circumstances. Smolinski v. Taulli, La., 276 So.2d 286 (1973). In essence, did plaintiff have full knowledge of the danger in which he was placed and were his actions that of a reasonable man under the circumstances to secure safety from attack. If we find that [the] plaintiff fully appreciated the risk he was incurring and freely and voluntarily chose to incur it, then it can be said that he assumed the risk and is guilty of contributory negligence."
* * * * * *
"It is an established principle of law that if an employer puts his employee in a position of undisclosed danger, he is liable to the employee who is injured thereby, but if the employee exposes himself to a known danger, he assumes the risk and is guilty of contributory negligence. See: Swilley v. American Fire & Casualty Company, La.App., 148 So.2d 157."
When we apply the test for contributory negligence and assumption of the risk set forth in Pfister, we must necessarily conclude that the plaintiff in the case before us is barred from recovery as a matter of law based on the undisputed facts. We find that the trial judge's application of the law is correct and the summary judgment dismissing plaintiff's suit to be appropriate. See for example, Comer v. Texaco, Inc., 514 F.2d 1243 (5th Cir. 1975).
Accordingly, for the foregoing reasons, the judgment appealed is affirmed.
AFFIRMED.
GULOTTA, Judge, concurring.
I concur.
Because we are bound by the Pfister decision rendered by this court (from which I dissented) and the facts of the instant case are not appreciably distinguishable from Pfister, I concur in the result.