James HASTY, Sr., Plaintiff-Appellant,

v.

RUST ENGINEERING COMPANY, Defendant-Appellee.

No. 83-2566
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 12, 1984.

Walter Umphrey, Greg Thompson, Port Arthur, Tex., for plaintiff-appellant.

D. Allan Jones, Beaumont, Tex., for defendant-appellee.

Before GEE, POLITZ and JOHNSON, Circuit Judges.

JOHNSON, Circuit Judge:

Plaintiff Hasty appeals a summary judgment for defendant Rust Engineering Company in this personal injury diversity suit. The district court granted summary judgment on the basis of Texas Rev.Civ.Stat. Ann. art. 5536a, an architectural statute of repose. This Court affirms the judgment of the district court.

At the time of his injury plaintiff was employed at a paper mill in Orange, Texas. On January 5, 1982, he suffered injuries as a result of a fall when the grating on a catwalk designed by defendant collapsed. Plaintiff initiated this action against defendant, alleging negligence in design and construction. The district court granted summary judgment for defendant pursuant to article 5536a, the Texas architectual stat-

1. By its terms the statute is inapplicable in three situations: (1) an action on a written warranty, guarantee, or other contract which expressly is effective for a period in excess of the period prescribed by the statute; (2) an action against persons in actual possession or control of the real property as owner, tenant, or otherwise at the time the injury, damage, loss, or death occurs; and (3) an action based on willful misconduct or fraudulent concealment in connection with the performing or furnishing of such construction or repair.

ute of ultimate repose. The statute provides an absolute defense [1] to a registered or licensed architect or engineer once more than ten years have passed since the substantial completion of any allegedly defective improvement to real property. Summary judgment evidence demonstrated that defendant constructed the paper mill under the direction of registered engineers and that defendant completed the construction in 1968. Plaintiff's injury did not occur until 1982, four years after the preemptive period established by the statute. Plaintiff does not dispute the applicability of the statute to the instant case. The sole issue is whether article 5536a is constitutional under both state and federal constitutions.

Plaintiff first contends that the statute of repose violates Art. III, § 35 of the Texas Constitution in that the title does not clearly express the subject of the act. Plaintiff argues that the title deceptively indicates that article 5536a is a traditional statute of limitations whereas in fact it is a statute of ultimate repose which bars all claims after the preemptive ten-year period. This same title-body challenge to the statute has recently been rejected by the Texas courts. *Sowders v. M.W. Kellogg Co.,* 663 S.W.2d 644 (Tex.Civ.App.—Houston [1st Dist.] 1983). In *Sowders* the court found that the title, which states that the act creates a "time limitation," [2] directly relates to the no-action provision or repose feature of the statute; accordingly, the court found that the title to Art. 5536a puts the reader on fair notice of the subject matter of the statute. The court held that Art. 5536a was not infirm pursuant to Section 35 of Art. III of the Texas Constitution.

2. The title to article 5536a reads as follows:
An act creating a time limitation within which actions must be brought against any registered or licensed engineer or architect in this state performing or furnishing design, planning or inspection of construction of any structure or improvement thereon; and declaring an emergency.

■ Plaintiff next contends that article 5536a offends the due process and equal protection guarantees of both state and federal constitutions. The Texas courts have considered and rejected these challenges to the statute. *Sowders v. M.W. Kellogg Company; Ellerbe v. Otis Elevator Co.,* 618 S.W.2d 870 (Tex.Civ.App.—Houston [1st Dist.] 1981, *writ ref'd n.r.e.*), *appeal dismissed for want of substantial federal question,* 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982); *Hill v. Forrest and Cotton, Inc.,* 555 S.W.2d 145 (Tex.Civ.App.— Eastland 1977, *writ ref'd n.r.e.*).[3] This Court is, of course, Erie-bound on questions of state law. Plaintiff's challenges to the state constitution must fail.

■ This Court is also bound to reject plaintiff's federal constitutional challenges to the Texas architectural statute of repose. The plaintiff in *Ellerbe* argued that article 5536a violated the federal guarantees of due process and equal protection. The Texas Court of Appeals rejected these arguments and the Texas Supreme Court found no reversible error. The United States Supreme Court dismissed for want of a substantial federal question. Such dismissals are decisions on the merits which bind this court. *Hicks v. Miranda,* 422 U.S. 332, 95 S.Ct. 2281, 45 L.Ed.2d 223 (1975). Since plaintiff in the instant case raises the precise issues presented and necessarily decided in *Ellerbe,* this Court is prevented from reaching an opposite conclusion. *Mandel v. Bradley,* 432 U.S. 173, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977); *Hicks,* 95 S.Ct. at 2289–90 & n. 14.

The judgment of the district court is AFFIRMED.

---

**3.** Since article 5536a was enacted in 1968 and plaintiff's injury did not occur until 1982, plaintiff in the instant case did not have a vested property right which comes within constitutional protection. See Sowders; Ellerbe.

With reference to plaintiff's equal protection challenge, the Texas courts have found that the classification adopted by Art. 5536a bears a rational relationship to the legitimate state interest of relieving architects, engineers, and contractors from the burden of indefinite potential liability for past construction projects over which they no longer have control. *Id.*