743 F.2d 265
 James W. BROWN, et ux, (Betty Brown, Wife), Plaintiff-Appellant,
v.
The M.W. KELLOGG COMPANY, Defendant-Appellee.
Virginia H. LEON, Plaintiff-Appellant,
v.
UNIVERSAL OIL PRODUCTS COMPANY, Defendant-Appellee.
Evelyn F. SIMON, et al., Plaintiffs-Appellants,
v.
UNIVERSAL OIL PRODUCTS COMPANY, Defendant-Appellee.
 Nos. 84-2072 to 84-2074
 
 Summary Calendar.
 United States Court of Appeals,
Fifth Circuit.
 Oct. 4, 1984.
 Provost, Umphrey, McPherson & Swearingen, Joseph R. Steele, Walter Umphrey, Greg Thompson, Port Arthur, Tex., for plaintiffs-appellants.
 Mehaffy, Weber, Keith & Gonsoulin, Thomas H. Walston, Bob Black, Beaumont, Tex., for M.W. Kellogg Co.
 Baker & Botts, Lee L. Kaplan, Houston, Tex., for Universal Oil Products Co.
 Appeals from the United States District Court for the Eastern District of Texas.
 Before REAVLEY, POLITZ and HIGGINBOTHAM, Circuit Judges.
 POLITZ, Circuit Judge:
 
 
 1
 These three Texas diversity cases, consolidated for purposes of decision and opinion, present the identical legal issue--the applicability of Tex.Rev.Stat.Ann. art. 5536a--in the same procedural setting. In each case, plaintiffs appeal the grant of an adverse summary judgment dismissing their claims as time barred by art. 5536a, the Texas architectural/engineer statute of ultimate repose. Finding summary judgment appropriate and perceiving no error, we affirm the decisions of the district court.
 
 Facts
 
 2
 The first of the cases (our docket 84-2073) was filed by Virginia H. Leon, the widow of Jean L. Leon, Jr., a longtime employee of Mobil Chemical Corporation. Leon was a production manager at Mobil's Beaumont refinery and was required to work in close proximity to his employer's Udex units. The Udex units extracted benzene, a suspected human carcinogen, toluene and xylene from complex hydrocarbon feedstock, emitting aromatic hydrocarbons in the process. The Udex units were built pursuant to a licensing agreement and engineering services contract between Mobil and Universal Oil Products, Inc. (UOP). The agreements authorized Mobil's use of the technology and outlined UOP's engineering services. Construction was completed and operations began in June 1962. By the following month all UOP engineering work was concluded.
 
 
 3
 Sometime in 1980 Jean Leon learned that he had brain cancer. He died in November 1980. In February 1981 Virginia Leon filed the instant suit against UOP, alleging that her husband's fatal cancer was caused by exposure to dangerous chemicals emitted by the Udex units, a condition resulting from UOP's negligence and defective design of the units.
 
 
 4
 The second case (our docket 84-2074) is actually composed of several actions consolidated in the trial court, filed by employees and spouses or widows of employees of Gulf Oil Corporation at its Port Arthur facility. Those plaintiffs allege that exposure to the Udex units caused leukemia or lymphoma. The Udex units were installed in Gulf's plant under licensing and engineering service contracts similar to those between UOP and Mobil noted above. The Gulf installation was completed in December 1959. The subject suits, claiming negligence and defective design, were filed against UOP during the years 1981 and 1982.
 
 
 5
 The third case (our docket 84-2072) was filed by James W. Brown against the M.W. Kellogg Company in October 1982. Brown was an employee of Gulf at its Port Arthur facility from 1969 until his retirement in 1981. Brown worked near the delayed coking unit constructed under licensing, engineering and construction contracts between Gulf and Kellogg. The coking unit was completed and put into operation in late 1969. Brown seeks damages resulting from lung cancer, allegedly caused by exposure to dangerous chemicals escaping from the coking unit because of Kellogg's negligence and defective design.
 
 
 6
 In each case the defendants are corporations of licensed engineers. In each defendants moved for summary judgment, contending that the suits were barred by Texas Rev.Civ.Stat.Ann. art. 5536a, the ultimate statute of repose for architects, engineers and builders. As we recently noted, that "statute provides an absolute defense to a registered or licensed architect or engineer once more than ten years have passed since the substantial completion of any allegedly defective improvement to real property." Hasty v. Rust Engineering Co., 726 F.2d 1068, 1069 (5th Cir.1984). The district court found the article controlling and dismissed all claims. Appellants challenge the applicability of the statute and question its constitutionality.Analysis
 
 
 7
 Appellants raise multiple arguments: (1) the statute should be tolled in the instance of latent disease until the disease is manifested; (2) the statute should not be applied retroactively; (3) the statute does not apply to corporate defendants; (4) the sale of technology or concepts does not constitute design, planning, or construction of an improvement to real property; and (5) the statute is constitutionally flawed, in violation of provisions of both the United States Constitution and the Texas Constitution.
 
 
 8
 1. Tolling.
 
 
 9
 The tolling argument has been rejected by both the Texas courts and the federal court. "Notice of injury is ... immaterial as the running of the statute commences upon substantial completion of the construction." Skeen v. Monsanto Co., 569 F.Supp. 232, 234 (S.D.Tex.1983). See also Hill v. Forrest & Cotton, Inc., 555 S.W.2d 145 (Tex.Civ.App.-Eastland 1977, writ ref'd n.r.e.).
 
 
 10
 2. Retroactivity.
 
 
 11
 Similarly, the argument against retroactivity has been dismissed. Appellants were not deprived of vested rights; they held mere expectancies in causes of action which did not accrue until after the statutory limitation period had run. "Since article 5536a was enacted in 1968 and plaintiff's injury did not occur until 1982, plaintiff ... did not have a vested property right which comes within constitutional protection." Hasty, 726 F.2d at 1070 n. 3, citing Sowders v. M.W. Kellogg Company, 663 S.W.2d 644 (Tex.App.-Houston 1983, writ ref'd n.r.e. 1984), and Ellerbe v. Otis Elevator Company, 618 S.W.2d 870 (Tex.Civ.App.-Houston 1981, writ ref'd n.r.e.), appeal dismissed for want of substantial federal question, 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982).
 
 
 12
 3. Corporate application.
 
 
 13
 The contention that the statute does not apply to corporations has likewise been rejected by the Texas courts. "We hold it was not the intention of the Legislature to exclude registered engineers operating as a corporation from the benefits of the statute." Hill, 555 S.W.2d at 149. See also Hasty; Sowders; Ellerbe.
 
 
 14
 4. Sale of technology.
 
 
 15
 While this issue has not been specifically addressed by the Texas courts, the trail markings are apparent. The Texas courts have abjured narrow interpretation of this statute of repose. See, e.g., Ellerbe (coverage extended to out-of-state architects and engineers); Hill (coverage extended to corporations). Stressing the remedial nature of the statute, the Hill court stated that the statute is to be given "the most comprehensive and liberal construction possible." 555 S.W.2d at 149, citing City of Mason v. West Texas Utilities Company, 150 Tex. 18, 237 S.W.2d 273 (1951). This interpretation urged by appellants is a narrow technical one which, if accepted, would render the statute effectively meaningless, for it is the ideas and concepts of engineers and the technology incorporating them, which, upon embodiment in construction, make their services valuable. We decline to accept the proffered interpretation.
 
 
 16
 5. Constitutional issues.
 
 
 17
 Appellants make several constitutional attacks, all but one of which have been rejected previously by the Texas courts or by this court. The argument that the statute violates Art. III, section 35, of the Texas Constitution because the Act is broader than the title, was rejected in Hasty, citing Sowders. In Hasty we rejected the contention that art. 5536a offends the due process and equal protection clauses of the state and federal Constitutions, citing Sowders, Ellerbe and Hill. The claims that the statute violates Article I, section 13, which assures access to the courts was likewise found wanting in Ellerbe.
 
 
 18
 The only constitutional argument not previously found without merit is appellants' contention that art. 5536a is forbidden by Art. III, section 56, of the Texas Constitution which prohibits the enactment of local or special laws. Upon close analysis we find this argument unpersuasive.
 
 
 19
 The prohibition against special laws is designed to prevent the legislature from granting special privileges to favored groups. Miller v. El Paso County, 136 Tex. 370, 150 S.W.2d 1000 (1941). A statute is not "special" even though application is limited to a restricted class if persons throughout the state are affected. Suburban Utility Corporation v. State, 553 S.W.2d 396 (Tex.Civ.App., Houston 1977) writ ref'd n.r.e. The determination of special law status turns on a dual inquiry: (1) is there a reasonable basis for the classification, and (2) does the statute operate equally on all within the class? Robinson v. Hill, 507 S.W.2d 521 (Tex.1974). A classification is presumed reasonable and one challenging it must show that the legislature acted arbitrarily. August A. Busch & Co., Inc. v. Texas Alcoholic Beverage Commission, 649 S.W.2d 652 (Tex.Ct.App.1982), writ ref'd n.r.e.
 
 
 20
 There has been no showing that the Texas Legislature acted arbitrarily or capriciously in 1968 when it enacted art. 5536a. Besides the presumed reasonableness, the statute has been so found by the Sowders court: "the classification adopted in article 5536a bears a rational relationship to a legitimate state interest, that being to relieve architects, engineers, and contractors from the burden of indefinite potential liability for past construction projects over which they no longer have control. It is a legislature's prerogative to create, for public policy reasons, time periods affecting the imposition of liability." 633 S.W.2d at 648-49. Further, the benefits of the legislation extend evenhandedly to all architects and engineers, individuals and corporations, residents and non-residents alike. Art. 5536a is not forbidden special legislation.
 
 
 21
 The judgments of the district court, in each of these three consolidated appeals, are AFFIRMED.