**Lorraine JONES, Plaintiff-Appellant,**

v.

**PULLMAN KELLOGG CORPORATION, Defendant-Appellee.**

No. 84–2256.

United States Court of Appeals, Fifth Circuit.

March 28, 1986.

Greg Thompson, Provost, Umphrey, Doyle & McPherson, Walter Umphrey, Joseph R. Steele, Port Arthur, Tex., for plaintiff-appellant.

Robert A. Black, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for defendant-appellee.

Before GOLDBERG, RUBIN and HILL, Circuit Judges.

GOLDBERG, Circuit Judge:

This diversity case involves a challenge to a Texas law imposing a limitations period on actions brought against architects and engineers. Plaintiff-appellant Lorraine Jones argues that putting a ten-year limitations period on claims arising out of defective or unsafe buildings or equipment violates the Open Courts clause of the Texas Constitution, which provides that "All courts shall be open, and every person for an injury done him, in his lands, goods, person or reputation, shall have a remedy by due course of law." [1] We conclude that this case is controlled by *Nelson v. Metallic-Braden Bldg. Co.*, 695 S.W.2d 213 (Tex. App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.), and accordingly we affirm the district court's dismissal of the cause.

The facts of the case may be set out briefly as follows. Albert Jones was employed by Gulf Oil Corporation from 1946 until his retirement in 1975; he died of lung disease on February 27, 1982, at the age of sixty-two. Defendant-appellee Pull-man Kellogg Corporation prepared designs, plans, and specifications for two fluid catalytic cracking units that Gulf Oil placed into service prior to the end of 1957 at its refinery in Port Arthur, Texas, where Albert Jones worked. Lorraine Jones, spouse of the deceased Albert Jones, brought a wrongful death and survivorship action against Pullman Kellogg on March 25, 1982, and now appeals the dismissal of her case on summary judgment. According to appellant, "Mr. Jones worked around the Fluid Catalytic Cracking Unit designed by Pullman-Kellogg from the middle of the 1960's until his retirement. He was continually exposed to the PNA's [polynuclear aromatic hydrocarbons] which ultimately caused his lung disease." Appellant's Supplemental Letter Brief at 4.

Because nearly twenty-five years had elapsed between the construction of the allegedly unsafe or defective equipment and the filing of the lawsuit, Pullman Kellogg maintains that the action is barred under Tex.Rev.Civ.Stat. art. 5536a, which provides in part:

> There shall be commenced and prosecuted within ten years after the substantial completion of any improvement to real property, and not afterward, all actions or suits in court for damages for any injury, damages or loss to property, real or personal, or for any injury to a person, or for wrongful death, arising out of the defective or unsafe condition of any such real property or any equipment or improvement attached to such real property, for contribution or indemnity for damages sustained on account of such injury, damage, loss or death against any registered or licensed engineer or architect in this state performing or furnishing the design, planning, inspection of construction of any such improvement, equipment or structure or against any such person so performing or furnishing such design, planning, inspection of construction of any such improvement, equipment, or structure; provided, however, if the claim for damages,

---

1. Tex. Const. art. 1, § 13.

contribution or indemnity has been presented in writing to the registered or licensed engineer or architect performing such services within the ten-year period of limitation, said period shall be extended to include two years from the time such notice in writing is presented.[2]

Appellant responds that this case is "not so amenable to a perfunctory application of the statute," Appellant's Brief at 2, because Albert Jones' injury was a latent one that did not manifest itself until March, 1981. By appellant's reckoning, Albert Jones' first contact with the fluid catalytic cracking unit occurred in "the middle of the 1960's," Appellant's Supplemental Letter Brief at 4, which might be within ten years of the unit's design and construction in 1957. Thus appellant seeks to bring this case within the terms of *Nelson v. Krusen*, 678 S.W.2d 918 (Tex.1984), which held that a two-year statute of limitations on medical malpractice actions was unconstitutional under the Open Courts clause because, as applied in *Krusen*, it cut off any cause of action before the plaintiff knew or should have known that he was injured.

Texas courts have had three recent occasions to review challenges to article 5536a based on the Open Courts clause, and in all three cases the statute's constitutionality has been upheld. In *Sowders v. M.W. Kellogg Co.*, 663 S.W.2d 644 (Tex.App.—Houston [1st Dist.] 1983, writ ref'd n.r.e.), the court explicitly rejected the notion that a "discovery" rule should govern the application of article 5536a:

Article 5536a is distinguishable from the usual statute of limitation, which operates merely to bar enforcement of a right; this statute takes away the right altogether after the specified ten-year period. The time period begins to run

when the improvements are completed or the operations commence, rather than when the cause of action accrues. . . .

Article 5536a, commonly called an "architects' and builders' statute," is a statute of repose. Such statutes demonstrate legislative recognition of the protracted and extensive vulnerability to lawsuit of architects and builders by owners and other persons. They represent a response to the inadequacy of the traditional statutes of limitation, whose time periods begin upon discovery of the claim or upon occurrence of the injury.

*Id.* at 647.[3]

*Ellerbe v. Otis Elevator Co.*, 618 S.W.2d 870 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.), *appeal dism'd*, 459 U.S. 802, 103 S.Ct. 24, 74 L.Ed.2d 39 (1982), and *Nelson v. Metallic-Braden Bldg. Co.*, 695 S.W.2d 213 (Tex.App.—Houston [1st Dist.] 1985, writ ref'd n.r.e.), addressed the concerns raised in *Nelson v. Krusen* about legislative enactments that completely eliminate causes of action available at common law. The *Ellerbe* court stated that

This section [the Open Courts clause of the Texas Constitution] has been held to prohibit legislative bodies from arbitrarily withdrawing all legal remedies from one having a cause of action well established and well defined in the common law. . . .

. . . .

. . . However, it is settled that a right, to be within the protection of the Constitution, must be a vested right or something more than a mere expectancy based upon an anticipated continuance of an existing law . . . . Neither the Constitution of the United States nor of this State forbids the abolition of common

---

**2.** Article 5536a, Vernon's Texas Civil Statutes. *See* Chapter 418, Acts of the 61st Legislature, Regular Session (1969); Chapter 269, Acts of the 64th Legislature, Regular Session (1975).

Article 5536a has now been replaced by an essentially identical statute, codified at Texas Civil Practice and Remedies Code § 16.008.

**3.** *See also id.* at 648–49:

We reaffirm our holding in *Ellerbe* that the classification adopted in article 5536a bears a rational relationship to a legitimate state interest, that being to relieve architects, engineers, and contractors from the burden of indefinite potential liability for past construction projects over which they no longer have control. It is a legislative prerogative to create, for public policy reasons, time periods affecting the imposition of liability.

law rights of action in order to attain a permissible legislative object.

618 S.W.2d at 873 (citations omitted).[4] Similarly, in *Nelson v. Metallic-Braden Bldg. Co.* the court placed great emphasis on the availability of other "viable" defendants in upholding an application of article 5536a:

> [The appellant] has not demonstrated that he was effectively denied a cause of action for his injuries, as were the litigants in *Nelson* and *Sax*. His claims for damages against the other named defendants, including the owner or lessee and the operator of the building, are still viable, so that the provisions of article 5536a have not abrogated his right to redress for his injuries.

695 S.W.2d at 215.[5]

Similar considerations apply in the case at bar. In other actions, appellant has brought suit against her husband's employer, Gulf Oil Corporation, for gross negligence, and against thirteen manufacturers and suppliers of products containing asbestos. *See* Plaintiff's First Amended Complaint, Rec. at 50–51; *Lorraine Jones v. Fibreboard Corporation, et al.*, Civil Action No. B–83–764–CA (E.D.Tex.1983), Plaintiff's Original Complaint (death of Albert Jones "directly and proximately caused by" exposure to asbestos at the workplace). Appellant has now entered into settlement agreements with Gulf Oil and with several of the asbestos manufacturers and suppliers. *See, e.g.,* Final Judgment, Rec. at 112–13; *Lorraine Jones v. Fibreboard Corporation, et al.*, Judgments (September 27, 1984; January 22, 1985; September 25, 1985). Further, it would appear that appellant has a cause of action against Gulf Oil's workers' compensation carrier. Evidently, then, appellant has not been left without any "viable" defendants or "effectively denied a cause of action," *Metallic-Braden*, 695 S.W.2d at 215, by the application of article 5536a.

The Texas Supreme Court found no reversible error in the *Sowders, Ellerbe,* or *Metallic-Braden* decisions. *See* Robertson & Paulsen, *The Meaning (If Any) of an "N.R.E.,"* Tex.Bar J. 1306 (Dec. 1985) ("The 'N.R.E.' stamp is in every sense a decision on the merits of the appeal"). We must therefore acknowledge the persuasive authority of these state court holdings in the exercise of our diversity jurisdiction. *Comer v. Texaco, Inc.*, 514 F.2d 1243 (5th Cir.1975); *Thorington v. Cash*, 494 F.2d 582, 587 (5th Cir.1974). Further, we conclude that appellant's remaining state and federal constitutional issues are adequately disposed of by our decisions in *Hasty v. Rust Engineering Co.*, 726 F.2d 1068 (5th Cir.1984) (finding that the U.S. Supreme Court's dismissal of *Ellerbe* for want of a substantial federal question was a binding decision on the merits), and *Brown v. M.W. Kellogg Co.*, 743 F.2d 265 (5th Cir.1984).

The district court's dismissal of this case is accordingly AFFIRMED.

---

**4.** *Cf. Sax v. Votteler,* 648 S.W.2d 661 (Tex.1983):

> In determining the extent of the restriction on a litigant's rights, a court must not examine the effect of the challenged statute in isolation. The legislature can avoid an otherwise unconstitutional result by providing a substitute remedy ... or by leaving a reasonable alternative at common law.

*Id.* at 667 (citations omitted).

**5.** *Cf.* Appellant's Brief at 1 ("when a well established common law action is abrogated with the result that an injured party has *no right of redress at all* in the court system, then that legislation violates Art. I, Sec. 13 of the Texas Constitution") (emphasis added); *id.* at 5 ("when legislation is found to forever cut off a litigant's cause of action *without providing a reasonable substitute,* then that legislation unconstitutionally abrogates a citizen's right to redress.") (emphasis added.).