**Ford THANHEISER, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00824 CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 13, 1993.

Rehearing Denied June 10, 1993.

Ford C. Thanheiser, Houston, for appellant.

Linda West, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

DRAUGHN, Justice.

On February 19, 1992, appellant received a citation for operating his automobile on a public street with an expired inspection sticker. Appellant pled *nolo contendere* and was found guilty by the municipal court judge on April 14, 1992, at which time appellant gave notice of appeal. On May 26, 1992, appellant filed a Motion to Dismiss alleging that the statute requiring vehicle inspection, was unconstitutional. This motion was denied by the County Court Judge on July 2, 1992. Upon this dismissal, appellant entered a no contest plea with an agreed recommendation of a fifty-dollar fine. He subsequently filed written notice of appeal on July 10, 1992. In one point of error, appellant challenges the constitutionality of TEX.REV.CIV.STAT. ANN. art. 6701d, sec. 140 (Vernon Supp. 1992), the statute requiring the inspection of motor vehicles on the highways, on the grounds that it is violative of Art. 3, sec. 56 of the Texas Constitution which prohibits

special laws. We overrule appellant's sole point of error and affirm the judgment.

Appellant claims TEX.REV.CIV.STAT.ANN. art. 6701d sec. 140 (Vernon Supp.1992) is offensive to the Texas Constitution because it contains exemptions/exceptions that have no rational basis, and provides special privileges and economic advantages to those persons falling within the exemptions. While appellant concedes that the statute does purport to promote safety on Texas' roads and highways, he contends that it is, nevertheless, unconstitutional because it does not require a valid inspection certificate for *every* possible vehicle, or object, or piece of machinery with wheels which may come in contact with a public roadway. This, he opines, results in granting economic and special privileges to certain groups, none of which he is a member.

Article 3, sec. 56 of the Texas Constitution prohibits the legislature from passing any local or special laws where a general law can be made applicable. In order for a statute to pass constitutional muster, it must have a reasonable basis and it must operate equally upon all within the affected class. *See Brown v. M.W. Kellogg Co.*, 743 F.2d 265 (5th Cir.1984); *Robinson v. Hill*, 507 S.W.2d 521 (Tex.1974). Appellant claims that the vehicular inspection statute, while requiring every motor vehicle operated on the public highway to undergo a compulsory inspection, lacks a reasonable basis because it exempts such items as farm trailers and other equipment which are allowed to travel on public roadways. As his only authority, appellant relies on a case from the Supreme Court of Nebraska which struck down that state's vehicular inspection statute on the grounds that the exemption of farm tractors, golf carts, riding lawnmowers, and other similar "vehicles" lacked any recognizable rational basis. *See State v. Edmunds*, 211 Neb. 380, 318 N.W.2d 859 (Neb.1982). We do not find *Edmunds* persuasive.

The exemptions of which appellant complains clearly have a rational reasonable basis to a legitimate state interest. Texas has an enormous stake in the highway safety of its citizens, and the vehicular inspection statute obviously attempts to achieve this goal. The exemption of farm

**114**

trailers and other equipment from this statute in no way impedes this objective, nor does it grant unreasonable special privileges to any one group. It is easy to conceive of rational reasons why such vehicles might be excluded from the statute. For example, farm trailers are not self-propelled, and therefore must be attached to a vehicle which *is* required to comply with the inspection statute. Furthermore, the vehicles which appellant challenges are not generally used on a regular basis for transporting persons and property on the roads and highways. Additionally, such items are usually required to exhibit other safety features, such as reflectors and functional brakelights for operation at night. *See* Tex.Rev.Civ.Stat.Ann. art. 911g and art. 6675a–2 (Vernon Supp.1992).

On the other hand, passenger and other motor vehicles are specifically designed to be operated by individuals and are intended to transport people and property over the roads and highways of this state. As long as they are operational, it is anticipated that this is their primary purpose. We take judicial notice that such vehicles are involved in many accidents each year, resulting in personal injuries, deaths, and property damage. It follows that the legislature exists to protect and safeguard the people of this state through the passage of appropriate laws. Included within this purpose are the driving and pedestrian public. It also follows that the legislature has the authority to pass laws requiring that motor vehicles that are operated repeatedly on the highways and roadways of this state must be inspected and show proof of inspection to insure that they are safe to operate.

Therefore, we find that Tex.Rev.Civ.Stat. Ann. art. 6701d, sec. 140, requiring the inspection of motor vehicles is not offensive to the jurisprudence of this state, and we accordingly overrule appellant's sole point of error.

The judgment of the trial court is

AFFIRMED.