Opinion issued September 25, 2003







            











In The
Court of Appeals
For The
First District of Texas
 

 
 
                                          NOS. 01-03-00480-CR
                                                     01-03-00481-CR
                                                     01-03-00482-CR
                                                     01-03-00483-CR
____________
 
BETTY V. PRESTON, Appellant
 
V.
 
STATE OF TEXAS, Appellee
 

 
 
On Appeal from County Criminal Court at Law No. 9
Harris County, Texas
Trial Court Cause Nos. 5343, 5344, 5345, 5346
 

 
 
MEMORANDUM OPINION
          In four separate causes, appellant, Betty V. Preston, was charged with operating
a motor vehicle without a valid driver’s license, proof of financial responsibility, a
valid inspection sticker, and proper registration. Following a bench trial, the
municipal court found appellant guilty in each case and assessed fines against her
totaling $300. The county criminal court subsequently affirmed appellant’s appeal
from the judgment of the municipal court.
          In five issues, appellant contends that (1) the actions of the police officer who
cited her were invalid under the Texas Constitution, (2) the municipal court lacked
jurisdiction over each case, (3) the evidence was insufficient to support her
convictions, and (4) the State and the municipal court did not follow the requirements
of the Texas Code of Criminal Procedure.


 We affirm.
Factual Background
          Houston Police Officer J. Bond testified that, on March 12, 2001, while on
patrol, he stopped a Cadillac driven by appellant after he saw that the car’s inspection
sticker was expired. Bond determined that the registration sticker on her car was also
expired. Upon Bond’s request, appellant was unable to show him either a valid
driver’s license or proof of financial responsibility. Bond explained that appellant
showed him only a “Republic of Texas” identification card. Appellant did not testify.
          On May 29, 2001, the municipal court signed its judgments finding appellant
guilty in each case. On July 23, 2001, appellant filed motions for new trial in each
case, all of which were denied the following day. The county criminal court
subsequently overruled appellant’s points of error and affirmed the judgment of the
municipal court.
Jurisdiction
          As an initial matter, we note that appellant has a right to appeal, to this Court,
the judgment of a county criminal court affirming a misdemeanor conviction only “if
the fine assessed against [appellant] exceeds $100” or the appeal raises issues of
constitutional magnitude. Tex. Gov’t Code Ann. § 30.00027(a) (Vernon Supp.
2003); see, e.g. Thannheiser v. State, 855 S.W.2d 112, 113 (Tex. App.—Houston
[14th Dist.] 1993, pet. ref’d).
          In cause numbers 5343, 5344, 5345, and 5346, appellant was assessed fines of
$25, $175, $25, and $75, respectively. Under the provisions of section 30.00027(a),
we would generally have jurisdiction over only cause number 5344, the case in which
appellant was fined $175. However, in her brief to the county criminal court,
appellant raised issues common to each case concerning the constitutional authority
of the Officer Bond to cite her for the offenses charged and the constitutional
jurisdiction of the municipal court over these cases. Thus, we hold that we have
jurisdiction to consider these appeals, notwithstanding the amounts of the fines
assessed in each case.
Failure to Timely Perfect Appeal
          The Texas Government Code provides that, in addition to filing a notice of
appeal, “[t]o perfect an appeal [from a municipal court to a county criminal court], the
appellant must file a written motion for new trial with the municipal clerk not later
than the 10th day after the date on which judgment is rendered.” Tex. Gov’t Code
Ann. § 30.0014(c) (Vernon Supp. 2003) (emphasis added). Here, the municipal
court’s judgment was signed on May 29, 2001. Appellant did not file her motions for
new trial until July 23, 2001, more than 10 days later, and did not otherwise request
or obtain an extension of time to do so. Thus, her appeals to the county criminal court
were untimely, and she failed to properly invoke that court’s appellate jurisdiction. 
See id.
          In her briefing to the county criminal court, appellant included an affidavit in
which she states that the municipal court clerk told appellant that the clerk “would not
file any papers unless the presiding judge agreed to the filing.” By implication,
appellant argues that she was prevented from timely filing her motion for new trial. 
However, we find no evidence in the record to support this hearsay statement
attributed to the municipal clerk by appellant.



          Appellant also argues that she should not be held to the same standards as a
licensed attorney. However, pro se litigants are held to the same standards as
attorneys and must comply with all applicable and mandatory rules of procedure. See,
e.g., Kindley v. State, 879 S.W.2d 261, 264 (Tex. App.—Houston [14th Dist.] 1994,
no pet.). Appellant was required to file her motions for new trial within 10 days of
the date that the municipal court’s judgments were signed, but she did not do so. 
Therefore, appellant failed to properly invoke the jurisdiction of the county court over
her appeals. Accordingly, we hold that the county court did not err in overruling
appellant’s issues presented in her appeals from the municipal court’s judgments.
          We overrule appellant’s issues.
          The orders from the county criminal court recite that “the judgment of the
[municipal] court is AFFIRMED.” Because appellant did not timely invoke the
appellate jurisdiction of the county criminal court in these cases, her appeals should
have been dismissed for want of jurisdiction. Accordingly, we reform the orders of
the county criminal court to reflect that appellant’s appeals in these cases were
“dismissed,” and as reformed, we affirm the orders of the county criminal court.
Conclusion
          We reform the orders of the county criminal court to reflect that appellant’s
appeals of the municipal court’s judgments be dismissed and, as reformed, affirm. 
All pending motions are denied.
 

                                                                        Terry Jennings
                                                                        Justice

Panel consists of Justices Taft, Jennings, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).