Opinion issued May 31, 2007









 










In The

Court of Appeals

For The

First District of Texas






NO. 01-06-00800-CR

____________


JOHN V. YEARWOOD, Appellant


V.


THE STATE OF TEXAS, Appellee






On Appeal from County Criminal Court at Law No. 11

Harris County, Texas

Trial Court Cause No. 5454






MEMORANDUM OPINION

 Following a bench trial, the municipal court found appellant, John V.
Yearwood, guilty of the misdemeanor offense of speeding (1) and assessed a seventy-five dollar fine. The county criminal court at law subsequently affirmed appellant's
conviction. In four issues, appellant contends that articles 45.051(f)(2) and
45.0511(s) of the Texas Code of Criminal Procedure (2) violate the Texas and United
States equal protection requirements "on their face" or, alternatively, as applied to
individuals with commercial drivers' licenses who receive citations while driving
their private non-commercial vehicles. (3)

 We vacate the judgment of the county criminal court and dismiss the appeal.

Procedural Background

 On March 4, 2005, the municipal court signed its judgment, and, on March 16,
2005, appellant filed a motion for new trial, in which he asserted,

 The verdict in this cause is contrary to the law and the evidence. 
Moreover, the law which affected the plea negotiation on this case is
unconstitutional and in violation of Defendant's Rights to Equal
Protection under the Law. Whereas, had the Defendant had the
opportunity to plea guilty in return for a deferred adjudication
(probationary sentence), he would have accepted this offer. Therefore,
as a licensed driver in the State of Texas, the Defendant was not
afforded the same protections as other licensed drivers in the State of
Texas.


The municipal court denied the motion for new trial on March 30, 2005. The county
criminal court at law subsequently overruled appellant's issues and affirmed the
judgment of the municipal court, concluding that "[a]ppellant has failed to preserve
for review the [issues] in his brief because his motion for new trial was filed after the
. . . deadline provided in the statute."

Failure to Timely Perfect Appeal

 As an initial matter, we note that a defendant has a right to appeal to an
appellate court the judgment of a county criminal court affirming a misdemeanor
conviction only if the fine assessed "exceeds $100" or the appeal raises issues of
constitutional magnitude. Tex. Gov't Code Ann. § 30.00027(a) (Vernon 2004); see,
e.g., Thanheiser v. State, 855 S.W.2d 112, 113 (Tex. App.--Houston [14th Dist.]
1993, pet. ref'd). Appellant, in his brief to the county criminal court, raised
constitutional issues regarding his case.

 However, the Texas Government Code also provides that, in addition to filing
a notice of appeal, "[t]o perfect an appeal [from a municipal court to a county
criminal court], the appellant must file a written motion for new trial with the
municipal clerk not later than the 10th day after the date on which judgment is
rendered." Tex. Gov't Code Ann. § 30.00014(c) (Vernon Supp. 2006) (emphasis
added). Subsections (a) and (b) of section 311.014 of the Texas Government Code
provide,

(a) In computing a period of days, the first day is excluded and the
last day is included.


(b) If the last day of any period is a Saturday, Sunday, or legal
holiday, the period is extended to include the next day that is not
a Saturday, Sunday, or legal holiday.


Id. § 311.014 (Vernon 2005).

 Here, the municipal court signed its judgment on Friday, March 4, 2005. 
Appellant did not file his motion for new trial until Wednesday, March 16, 2005,
twelve days later, and did not otherwise request or obtain an extension of time to do
so. Thus, his appeal to the county criminal court was untimely, and he failed to
properly invoke that court's appellate jurisdiction. See id. §§ 30.00014(c), 311.014. 
Accordingly, the county criminal court at law should have dismissed appellant's
appeal for want of jurisdiction. See id. § 30.00014(c).

Conclusion

 The judgment from the county criminal court recites that "the judgment of the
trial court [is] AFFIRMED." Accordingly, we vacate the judgment of the county
criminal court and dismiss the appeal.


 Terry Jennings

 Justice


Panel consists of Justices Taft, Jennings, and Bland.


Do not publish. Tex. R. App. P. 47.2(b).
1. See Tex. Transp. Code Ann. § 545.351 (Vernon 1999).
2. See Tex. Code Crim. Proc. Ann. arts. 45.051(f)(2), 45.0511(s) (Vernon 2006).
3. We refer to the issues raised in the brief filed by appellant in the county criminal
court, which, by statute, constitutes the brief on appeal to this Court. Tex. Gov't
Code Ann. § 30.00027(b)(1) (Vernon 2004).